March 30th
Judge Brooke,
delivered the opinion of the court :†
The court, not deciding whether the recording in the court of Hanover county of the exemplification of the will of John Burnley of 1778, and the probat thereof by-Hardin Burnley in the prerogative court of the Archbishop *113 of Canterbury, without further proof, would have authovised the granting of letters testamentary, to Hardin Burnley, is of opinion that it did not repeal the letters of " 1 . administration granted to Zach. Burnley upon the previous will of John Burnley of 1771; and that Zach. Burn-Icy was not authorised thereby to transfer the assets of John Burnley in his hands, to Hardin Burnley •, he having failed to qualify by giving bond and security as the law directs $ and that the said Z. Burnley was chargeable with all the assets of John Burnley which came to his hands, or might have come to his hands, by using due diligence; the more especially, as in this case Hardin Burnley, by omitting to qualify as aforesaid, and also by uniting in the deed for the land directed to be sold by both wills, with Z. Burnley the administrator upon the first will, as heir at law to the testator, and not as surviving executor, virtually renounced that character, and was only entitled as creditor and legatee to receive any portion of the estate of John Burnley; and the court is further of opinion, that applying these principles to the accounts and reports in the record, without deciding on the exceptions of the parties thereto, it does not appear that the estate of Z. Burnley in the hands of the appellant has been charged to a greater amount than was proper; and although the court does not approve of the mode of settling the account of the appellant, being of opinion that the principle laid down in the case of Cranberry vs. Granberry,(a) is applicable to it, yet the appellant, in the opinion of the court, has no just ground to complain of it, inasmuch as he is credited with 120/, with interest to the amount of 21/. 12s. without producing any vouchers; which is more than equivalent to any error against him.
The decree is therefore affirmed.

 Judge Roane was absent from indisposition.

 1 Washington, 246.