Judge Ewing
delivered the Opinion of the Court.
Sidney Bedford died, having first made his last will and t < i i * i t~i • • i~« ¶ n ¶ testament, by which he appointed Benjamin b. Bedford his executor, in the following terms, to-wit. w Sixthly, “ it is my anxious will and desire that, for the proper “ management and safety of my son’s estate, my bro«ther Benjamin F. Bedford have the control and man- “ agement of his property, and I hereby appoint him my “ child’s trustee, until he attains the age of twenty one, «then to be paid to him, together with the profit there- « of. I likewise appoint him my executor to settle my business, «to pay off all my debts and accounts which he may consider “ just, though they may not prove them according to law, as it « is my sincere wish that all men have what is justly due them” Said will was exhibited to the County Court of Bourbon, at their April Term, 1829, and proven and admitted to record; and said Benjamin F. Bedford qualified as executor thereof.
At the same term, (to use the language of the order)
“ Administration de bonis non, and of the residuary inter- “ est of the estate of Sidney Bedford, deceased, was gran- “ ted to Susan Bedford, his widow.”
Thomas and Hugh Brent recovered a judgment, ill an action of assumpsit, against said executor; to be levied of *130 assets thereafter to come to his hands; and being unable to make any thing, afterwards brought this action of debt on said judgment, against said Susan, as administratrix, and Jacob Creath, with whom she had intermarried, as administrator. They, among other pleas, pleaded that, Benjamin F. Bedford was still living, and that letters testamentary were granted to him and were in full force, so that they were not administratrix and administrator. A demurrer was filed to this plea, which was sustained by the Court, and judgment rendered upon the above state of case in favor of the plaintiffs.
The powers of an executor, as conferred by the will,may begeneral, or they may be restricted to designated objects, Sf his appointment may be limited, or be without limitation, as to time. Wherever there is an acting executor, with pow ers not limited by the will, as to objects or time, the appointment of an administrator, or an adm’r de bonis non, is a nullity, and his acts are void.
The first and only question which we deem necessary to consider in this case, is whether the appointment and qualification of an executor, with the general powers conferred by the will, does not render null and void the appointment of an administrator.
It is contended, and an array of authorities referred to by the ingenious counsel, to sustain the proposition, that the two grants may well stand together. But the most careful examination of those authorities has convinced the Court, that they are wholly inapplicable to the facts in this case.
It is true, that a testator may confef absolute, or qualified, powers on his executor. He may limit his appointment as to time, or as to the property over which he gives him the control. He may appoint an executor for one piece of property, and another for another piece. Or he may make a conditional appointment, or limit and control his powers as he may think fit. Toller on Executors, 35. 3 Ba. Abr. 29, 30. He derives his authority from the will appointing him, and his powers are to be tested by it. If the will appoints him executor, without limitation or restriction upon his powers, the whole administration of the estate devolves on him, and no other can be appointed by the County Court to administer on any portion of the estate, unless he refuses to qualify. And should such authority be attempted to be exercised by the County Court, in contravention of the authority conferred by the will, their act would be null and void. And the acts of an administrator appointed *131 under such circumstances, would be null and void. 3 Ba. Abr. 50; Comyn's Dig. B. 1, 493, B. 10, 500.
The clause of a will nominating an executor, runs thus: “I likewise appoint him my executor, to settle my business, to pay off all my debts and accounts whieh he may think just, though they may not prove them according to law: held, that the'executor so appointed has plenary powers, and that the appointment of an adm’r de bonis non, waa a nullity.
Does the will under consideration, confer general and unqualified powers on the executor? We are clearly of opinion it does. No set form of words are -necessary to make an executor with general powers. Any words which show an intention on the part of the testator-, to commit the management of his estate, after his death, to another, makes him his executor. Ba. Abr. 27, 28. In the present will, the testator, after appointing Bedford his executor, “ to settle his business,” by way of enlarging his powers, adds, “ to pay off all my debts and accounts which he may consider just, though they may not be proved according to law.” The words used not only confer a general power, but a more enlarged discretion in the payment of his debts, than are generally conferred upon executors. There was, therefore, no residuary interest of the testator to be administered. An executor with such general powers being the representative not only of the person, but of the whole estate of the testator, nothing remained to be administered on.
We therefore conclude, that the act of the County Court, in appointing said Susan Bedford, administratrix, was null and void, and the judgment of the Circuit Court, in sustaining the demurrer to the third plea, as well as in rendering judgment for the plaintiffs below, upon the facts exhibited, was erroneous, and is reversed, and the cause remanded that judgment may be rendered, overruling said demurrer.