## CARR'S EXECUTOR *vs.* WYLEY.

1. A guaranty of a third person, given by plaintiff at request of defendant, is not a moral but a valuable consideration, especially when connected with an express promise of indemnity.

2. The condition of a bond was as follows : " Whereas the said C. (obligee) guarantied for one J. W. W. on his bid for carrying the mail on route 3315, from Gainsville to Spring Place, in, through and by said W's (obligor's) influence and persuasion, which contract the said J. W. W. has refused to execute: Now, if said W. does and will stand between said C. and the General Post Office Department, so that said C. has no more trouble and expense, and releases said C. from all responsibility in said matter, then the above bond to be void" : *Held*, that the bond was not void for uncertainty, the condition being that the obligor would indemnify the obligee against his guaranty of the mail contractor which had been given at the obligor's request.

3. An action of debt lies on a bond conditioned that the obligor shall indemnify the obligee against his guaranty of a third person which had been given at the obligor's request.

4. A foreign executor may sue in the courts of this State ; and if he makes profert of his letters, the effect is the same as if they were set out in the declaration, although he does not aver in what State they were granted.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

DEBT by Ezekiel McCravey, as executor of Kinchen Carr, deceased, against Walton Wyley, upon a bond payable to said Carr. The declaration concludes with a *profert* of plaintiff's letters testamentary. The defendant craved oyer of the bond and condition, and of said letters testamentary, and demurred, " in short by consent, to the precedent matter and declaration." The condition of the bond, as set out on oyer, was as follows : " The condition of the above bond or obligation is such, that whereas the said Carr guarantied for said John W. Walker on his bid for carrying the mail on route 3315, from Gainsville to Spring Place, in, through and by said Wyley's influence and persuasion, which said contract the said John W. Walker has refused to execute ; Now, if the said Wyley does and will stand betwixt the said Carr and the General Post Office Department, so that the said Carr has no more trouble and expense, and re-

leases the said Carr from all responsibility and damage in said matter, then the above bond to be void," &c.   The letters testamentary which were set out, were granted in Georgia.

The court sustained the demurrer, and plaintiff took a nonsuit.  The ruling of the court upon the demurrer is now assigned for error.

WHITE & PARSONS, for plaintiff in error :

1. We insist that debt is a proper remedy " on bonds conditioned for the payment of money, or the performance of any other act, by or against the parties and their personal representatives."—1 Chitty's Pl. 109;  Herndon v. Forney, 4 Ala. 243.

2. Where plaintiff 's act is procured by the defendant's request, a subsequent promise is not a naked one.—Chitty's Con. 62 ; 1 Smith's Leading Cases 167, and cases cited; Com. Dig. Ac. Con. B. 1312; 1 Saunders 264 note 1 ; Lord Suffield v. Bruce, 2 Stark. R. 175 ; 1 Roll's Ab. 27, 49; Child v. Mosely, 8 Term R. 610 ; Stokes v. Lewis, 1 Term R. 20; Hayes v. Warner, 2 Str. 933; Dumford v. Mester, 5 M. & S. 446; Livingston v. Roper, 1 Caines 584 ; Comstock v. Smith, 7 Johns. 87, and cases cited in note ; Parker v. Crane, 6 Wend. 647.

Again; " where the consideration is executed, unless there has been an antecedent request, no action is maintainable upon the promise, for a request must be laid in the declaration and proved, if put in issue at the trial."—Child v. Mosely, 8 Term Rep. 610 ; Stokes v. Lewis, 1 Term Rep. 20 ; Naish v. Tatlock, 2 H. Black. 319 ; Hayes v. Warner, 2 Str. 933 ; Richardson v. Hall, 1 B. & B. 50.

It will be found on examining the condition of the bond that it acknowledges "Carr guarantied for Walker in, through and by the said Wyley's influence and persuasion," and this express promise is founded on that fact, and it brings the case fully up to the rule laid down in the above cases.   It is not necessary that the defendant should have requested plaintiff to do some act beneficial to him, in order to support a promise to pay, subsequently made.

As to moral obligation being sufficient consideration for subsequent express promise, see Vance v. Wells, 6 Ala. 737; Same v. Same, 8 ib. 399 ; Harris v. Davis, 1 ib. 257; Westmoreland v. Davis, 1 ib. 299 ; Barron v. Vantvert, 13 ib. 232.

RICE & MORGAN, *contra :*

1. The instrument sued on, and set out fully on oyer in the demurrer, was executed in Georgia. No averment is made as to any statute law of Georgia. The common law is presumed to be in force there, and by the common law the said instrument is void for uncertainty, and also for want of sufficient consideration. It is *nudum pactum.*—Beall & Co. v. Ridgway, 18 Ala. 117 ; Holt v. Robinson, 21 *ib.* 106 ; Kirksey v. Kirksey, 8 *ib.* 131 ; Duncan v. Hall, 9 *ib.*

2. A mere moral obligation, though coupled with an express promise, is not a sufficient consideration to support a bill, note or bond between the same parties. An express promise can only revive a precedent good consideration, which might have been enforced at law through the medium of an implied promise, had it not been suspended by some positive rule of law; but can give no original cause of action, if the obligation on which it is founded never could have been enforced at law.—Nash v. Russell, 5 Barb. S. C. R. 556 ; 21 Ala. 106 ; 7 Conn. 57 ; 11 Adolph. & Ellis 438 ; 3 Bos. & Puller 249, note A ; 7 Term Rep. 348. There was no legal obligation—no legal consideration. A legal obligation is "one inferable by law."—5 Barb. S. C. R. 558, *supra* ; 18 Ala. 117, *supra.*

3. It is clear that, until the bond was executed, Wyley was not legally liable in any manner to Carr. If there was any consideration, it was "a past consideration." The consideration of the bond is recited and shown in the condition thereof, to-wit: that Carr had previously guarantied Walker's bid "in, through and by said Wyley's influence and persuasion," which said contract Walker had previously refused to execute. This consideration being thus shown by the bond, and being set forth on oyer and demurrer, and being insufficient, the court was authorized to sustain the demurrer.—14 Ala. 23.

4. A " bid for carrying the mail on route 3315, from Gainsville to Spring Place," is not a contract. Nothing else like a contract by Walker, is shown by the bond. Yet the bond says: " which said contract the said J. W. Walker has refused to execute." Parol evidence cannot be received to add to or vary the provisions of the bond. The bond itself, without parol evidence which does add to or vary it, is wholly uncertain, if not senseless and unmeaning. It must, for this uncertainty, be held void.

5. But if the bond is not void for uncertainty, what does it mean? The bond provides that it shall be void "if the said Wyley does and will stand betwixt the said Carr and the General Post Office Department, so that the said Carr has no more trouble and expense, and releases the said Carr from all responsibility in said matter." Now what is meant by the words "said matter"? There is nothing in the bond to which those words can refer, except the guaranty of Carr for Walker on his bid for carrying the mail. If the bid was the "said matter," then Walker had the right to "refuse to execute" it at any time before its acceptance, for no bid is binding until accepted.

6. If any action can be maintained on said bond, it is covenant, not debt.

7. The plaintiff makes profert of his letters testamentary in his declaration, but does not aver in what State his letters were granted. The legal implication from his declaration is, that his letters were granted in Alabama, where he sues ; but on oyer and demurrer, it appears his letters were granted in Georgia.

GOLDTHWAITE, J.—It is true that a mere moral obligation, although coupled with an express promise, is not a sufficient consideration to support a contract, (Story on Prom. Notes § 185,) but a moral obligation, in this sense, we understand to be one which, if connected with an express promise to pay at the time of its creation, could not have been enforced for the want of a sufficient consideration alone, and not from any defence which the law would allow, but not require, the party against whom it existed to assert.—Story on Prom. Notes 185; Story on Bills of Exchange § 182, and cases there cited.

In the present case, the condition of the bond recites, that the guaranty was given " in, through and by the influence and persuasion" of the testator of the defendant in error, which is, in legal effect, equivalent to its being given at his request.— The consideration, therefore, of the contract sued on, is the guaranty of a third person given by the plaintiff in error at the request of the testator of the defendant in error, and this, especially when connected with an express promise of indemnity, by the party at whose request the responsibility was assumed, is not a moral, but a valuable consideration.—Brown v. Adams, 1 Stew. 51; Chapin v. Merrett, 4 Wend. 657 ; Chitty on Bills 74; Story on Prom. Notes § 186.

But it is said the bond is void for uncertainty. The condition of the bond is in these words: "That whereas the said Carr guarantied for John W. Walker, on his bid for carrying the mail on route 3315 from Gainsville to Spring Place, in, through and by said Wyley's influence and persuasion, which said contract the said J. W. Walker has refused to execute : Now, if said Wyley does and will stand betwixt the said Carr and the General Post Office Department, so that the said Carr has no more trouble and expense, and releases the said Carr from all responsibility and damage in said matter, then the above bond to be void." The instrument certainly is not technically drawn, but, had it been ever so technical, we doubt if the intention of the parties would have been any clearer. That the word "bid" was used for "contract" is evident from the subsequent use of the last word, and "said matter" in the conclusion of the instrument can legitimately refer to nothing else than the guaranty of the contract of Walker by the obligee. The plaintiff in error had, at the request of the obligor, guarantied the contract of Walker for conveying the mail on the route designated, and the latter having failed to comply with his undertaking, the stipulation of the other party is, to stand between the obligee and the Post Office Department for all damages growing out of his guaranty.

The other objections taken to the declaration may be briefly disposed of. Debt can be sustained on a bond like this, (1 Chitty's Pl. 109 ; Herndon v. Forney, 4 Ala. 243,) and the foreign executor, under our statute, (Clay's Dig. 227,) has the right to prosecute his action in our courts. The effect of the profert of the letters testamentary is, to bring them into court, and operates precisely the same as if they had been set out in the declaration.

It follows from these views, that the court below erred in sustaining the demurrer; the non-suit must, therefore, be set aside, the judgment reversed, and the cause remanded.