## BROUGHTON *vs.* BRADLEY.

[ACTION BY FOREIGN EXECUTOR ON NOTES AND BOND.]

## BRADLEY *vs.* BROUGHTON.

[APPLICATION FOR REMOVAL OF ADMINISTRATOR.]

1. *Validity of grant of administration.*—A grant of general letters of administration, by a probate court of this State, on the estate of a non-resident decedent, who died in the State of his residence, leaving a valid last will and testament, and owning property here in the county in which such letters of administration were granted, (Code, §§ 670, 1621, 1630, 1664–67,) though irregular and voidable, cannot be held void when collaterally attacked.

2. *Revocation of letters of administration.*—General letters of administration, granted by a probate court in this State, on the estate of a foreign decedent who had effects in the county in which such appointment was made, may be revoked on the application of the decedent's foreign executor, (Code, §§ 1696–97,) on proof that the decedent left a valid will, which has been admitted to probate in the foreign State in which he lived and died ; and that such administrator, pending an action against him by the foreign executor, procured the grant of administration to himself by false and fraudulent representations.

3. *For what fraud grant of administration may be collaterally impeached.*—A grant of general letters of administration, by a probate court in this State, on the estate of a foreign decedent, who, dying in the State of his residence, left assets here in the county in which such letters of administration were granted, cannot be collaterally impeached for fraud, in an action brought against such administrator by the decedent's foreign executor, on proof that the action was pending when the administrator applied for the grant of letters to himself, that he failed to state the fact of the existence of a will, and that he misrepresented the value of the assets in the county.

4. *Action by foreign executor defeated by domestic grant of administration to defendant.* In an action brought by a foreign executor, who has complied with all the requisitions of the statute, (Code, § 1934,) a plea *puis darrein continuance.* setting up the grant of letters of administration to the defendant, after the commencement of the suit, by a probate court of this State which had jurisdiction of the subject-matter, presents a good defense to the further maintenance of the action.

5. *Form of plea puis darrein continuance.*—A plea *puis darrein continuance,* pleaded " in short by consent," and stating facts which are sufficient to bar the further maintenance of the action, will not be held defective on demurrer, under the provisions of the Code, because it does not profess to be pleaded to the further maintenance of the action only, and not in bar of the entire action.

APPEALS from the Circuit and Probate Court of Lowndes. Tried before the Hon. NAT. COOK, and Hon. E. H. COOK.

THE facts shown by the records in these two cases, so far as they are deemed material, may be thus stated :

On the 12th March, 1857, Jackson J. Broughton, as the executor of the last will and testament of Edward Broughton, deceased, commenced two actions against Lawrence B. Bradley, in the circuit court of Lowndes ; one founded on a promissory note for $125, dated the 27th December, 1850, and payable on the 1st January, 1852, to J. Brailsford ; and the other founded on a promissory note for $500, dated the 1st February, 1851, and payable to Edward Broughton, or order, on the 1st January next after date, and a penal bond, dated the 13th January, 1851, which was conditioned for the payment by Bradley to Broughton of $3,000, in three installments of $1,000 each, on the 1st January, 1854, 1857, and 1860. By consent of parties, the two cases were consolidated. The defendant pleaded *non assumpsit*, payment, set-off, and that the plaintiff was not the party really interested in the suits ; and, at the November term, 1858, filed a plea *puis darrein continuance*, in these words : " Now, at this term of the court, comes the defendant, and pleads, in short by consent, that the plaintiff, at the time of the commencement of this suit, had never been appointed administrator of the estate of Edward Broughton, deceased, by any court in the State of Alabama, and had never qualified or had letters testamentary issued to him, as executor of the last will and testament of said Edward Broughton, by any court in the State of Alabama ; and defendant avers, that since the last term of this court, to-wit, on the 2d day of November, 1858, this defendant was duly appointed, by the probate court of Lowndes county in this State, the administrator of the estate of said Edward Broughton, deceased ; and that he has duly qualified as such administrator, and has entered on the discharge of the duties of said administration ; and that he is now the legal and duly qualified administrator of the estate of said Edward Broughton, deceased, within the

State of Alabama; all of which he is ready to verify. Wherefore, &c." The court overruled a demurrer to this plea, and sustained a demurrer to a special replication thereto; and issue was then joined on it, and also on the other pleas.

On the trial, as the bill of exceptions shows, the plaintiff first read in evidence the notes and bond sued on, and then offered a transcript from the records of the court of ordinary of Sumter district, South Carolina, showing the probate of the last will and testament of said Edward Broughton, deceased, and the grant of letters testamentary to the plaintiff. The will was dated 22d April, 1852, and was admitted to probate on the 22d May, 1852; letters testamentary being granted on the same day to the plaintiff, one of the executors named in the will. "The plaintiff proved, also, that said transcript was recorded in the office of the judge of probate of Lowndes county, Alabama, on the 2d July, 1858;" that on the 3d November, 1858, he executed a bond, with good and sufficient sureties, in the penalty prescribed by said judge of probate, which recited the pendency of this suit, and was conditioned that "the said Jackson J. Broughton shall faithfully administer, according to law, whatever amount he shall or may recover in said suit;" and that said bond had been approved by said probate judge.

The defendant then read in evidence his letters of administration, which were granted by the probate judge of Lowndes county on the 2d November, 1858, together with the proceedings of the court therewith connected. The defendant's petition for the grant of these letters was filed on the 2d November, 1858; and alleged, "that said Edward Broughton died, in South Carolina, about the early part of the year 1852, but owes some debts in Alabama; and that he has effects due him in Lowndes county, amounting to about $500." On the same day this petition was filed, the defendant's letters of administration were granted by said probate court; and he gave bond, with surety, in the penal sum of $1,000, conditioned for the faithful performance of his duties as administrator, which was approved by the probate judge. The probate

Broughton v. Bradley.

judge, who was examined as a witness by the defendant relative to these matters, "testified on cross-examination by plaintiff, that he had lived in said county of Lowndes for many years, and was intimately acquainted with all parts of the county; that no such man as Edward Broughton ever lived in Lowndes county, or had any property in said county within his knowledge, except the debt here in suit; that the defendant, when he applied for said letters of administration, stated that he was a creditor of Edward Broughton's estate; and that no other assets of said estate were mentioned, or brought to his knowledge, except the debts in suit in this case. It was admitted, that said Edward Broughton died in Sumter district, South Carolina, and lived there at the time of his death." The plaintiff then read in evidence the depositions of Thomas N. Broughton and James D. Blanding, who testified to the circumstances connected with the execution of the bond sued on, and to admissions of indebtedness on the part of the defendant; but their testimony requires no particular notice.

"This being all the evidence in the cause, the plaintiff asked the court, in writing, to charge the jury—

"1. That if they believed from the evidence that Edward Broughton, at the time of his death, was a resident of Sumter district, South Carolina; and that he left a will and testament, wherein he appointed the plaintiff his executor; and that said will was admitted to probate in the court of ordinary of said district, and letters testamentary thereon issued to the plaintiff by said court, before this suit was brought; and that the defendant, after this suit was brought, was appointed administrator of the estate of said Edward Broughton by the probate court of Lowndes county, without any probate of said will therein, —then the appointment of the defendant as such administrator was void.

"2. That if they believed from the evidence that the defendant, at the time he obtained the grant to himself of letters of administration on the estate of said Edward Broughton, was not a creditor of said estate; and that there were no creditors of said estate in said county of

45

Lowndes, and no property or assets therein, except the debt here sued on; and that the defendant justly owed said debt to said estate, and, pending the suit thereon by the rightful administrator, fraudulently procured said grant of administration to himself, and with the sole purpose and intention to hinder, delay and embarrass the execu- tor in the collection of said debt,—then said appointment is void.

"The court refused each of these charges, and then instructed the jury, that if they believed all the evidence, they should find for the plaintiff, upon all the pleas except the plea *puis darrein continuance*, and should find for the defendant upon that plea."

The plaintiff excepted to the refusal of the charges asked, and to the charge given by the court; and he now assigns the same as error, together with the rulings of the court on the pleadings, as above stated.

On the 24th November, 1858, Jackson J. Broughton filed his petition in the probate court of Lowndes county, asking the revocation of the letters of administration previously granted by said court to Lawrence B. Bradley, on the ground that they were procured by fraud on the part of said Bradley. The petition alleged, that Edward Broughton, the decedent, died in South Carolina, the place of his residence, leaving a last will and testament, wherein he appointed the petitioner his executor and made him his principal legatee; that said Broughton had never lived in Alabama, and left no property or assets here, except certain unpaid notes due to him from said Bradley, and no other assets belonging to his estate were brought into Lowndes county after his death; that the petitioner, as executor of said Broughton, instituted an action at law against said Bradley on these notes, and the cause stood for trial at the spring term, 1858; that for the purpose of hindering and delaying the collection of this debt, Bradley applied to said probate court for the grant of letters of administration on the estate of said Broughton, and falsely and fraudulently represented to the court that the property belonging to said estate,

within the limits of this State, amounted to only $500, when in fact it was worth $2,000, and that said Broughton owed debts in this State ; that letters of administration on said estate were granted to said Bradley in consequence of these false and fraudulent representations, and the same ought to be revoked and declared void on account of such fraud.

To this petition Bradley demurred, on the following specified grounds: " 1st, because the facts stated in said petition do not constitute any of the grounds for which the statutes of this State authorize the removal of an administrator; 2d, because the petition seeks to remove the administrator for a cause which, as appears from said petition, this court has adjudicated in the grant of letters of administration to respondent; and, 3d, because said petition shows that there are assets of said estate in Alabama, and were when administration was granted to respondent, and said petition does not propose or nominate any other person for the appointment of administrator, nor show any ground which would disqualify this respondent from acting as administrator." The court overruled the demurrer, and Bradley excepted.

On the hearing of the application, the petitioner offered in evidence a transcript from the records of the court of ordinary of Sumter county, South Carolina, showing the probate of the will of said Edward Broughton, and the grant of letters testamentary to himself; also, a transcript of the record of the action brought by him, as executor, against said Bradley, showing the proceedings therein had as above stated, and the notes on which said suit was founded. Bradley then read in evidence his own letters of administration, together with the other orders of the court appertaining to his appointment, and an admission of record, made by the petitioner for the purpose of preventing a continuance, to the effect that Charlotte Maples and Jared N. Cante, if present, would each swear that they were citizens of Lowndes county, and that the estate of said Edward Broughton was indebted to them at the time of Bradley's appointment as administrator. This being all the evidence, the court revoked Bradley's

letters of administration; to which he excepted, and which
he now assigns as error, together with the overruling of
his demurrer to the petition.

BAINE & NESMITH, and J. F. CLEMENTS, for Broughton
in each case, made the following points:

1. The grant of administration to Bradley was void for
want of jurisdiction in the probate court to make it.    The
fact of intestacy was the jurisdictional fact which was
wanting.    The provisions of sections 1667 and 1675 of
the Code show that the law-makers intended to make
intestacy a jurisdictional fact, whether the decedent was
a resident or a non-resident.    An examination of the old
cases will show that this is but a re-affirmance of the
common-law rule, which declared a grant of administra-
tion absolutely void where there was a will in existence.
1 Williams on Executors, 488–89.    This is not the case
of a grant of administration where the existence of a will
was not known at the time, which some modern author-
ities hold to be voidable merely, on account of the hard-
ship which a contrary ruling would entail on innocent
purchasers: the decedent's will had been duly recorded
in the probate court before the administration was granted;
and its existence was well known to the applicant.

2. The grant of administration was also void for fraud
in its procurement.    The proposition is well settled, that
any judgment or judicial proceeding may be shown to be
void, in a collateral proceeding, for fraud in obtaining it.
If the facts relied on to show fraud were not conclusive,
their sufficiency should nevertheless have been left to the
jury; yet the charge of the court took that question
entirely from the jury.

3. At the time the suit was brought, the plaintiff had
complied with all the requisitions of the statute, and the
action is admitted to have been well brought.    To allow
such a suit to be defeated by a subsequent grant of admin-
istration to the defendant, particularly where the evidence
shows that his sole object in procuring the grant to him-
self was to delay and hinder the collection of the debt,
would make the statute authorizing such suits a snare

and delusion, and would place the foreign executor in a worse condition than if it had never been enacted.

4. The plea *puis darrein* professed to be in bar of the entire action, while the facts stated in it do not bar the entire action.—Stein v. Ashley, 30 Ala. 363.

5. The primary object of administration is the interest of the decedent's estate.—Lomax on Executors, 270. So far from having any interest in the estate which entitled him to administer on it, as he represented to the probate court, Bradley was indebted to the estate, and his debt constituted the only assets of the estate here; consequently, he was an unfit person to be appointed administrator, and his appointment was properly revoked on account of such unfitness. The right to remove administrators was undoubtedly conferred for the purpose of protecting estates.—Lehr v. Farball, 2 How. (Miss.) 905. Moreover, the evidence showed fraud on the part of Bradley in procuring the appointment, and collusion with pretended creditors; and this was a sufficient cause for his removal.—11 Viner's Abr. 116–17; 1 Lomax on Executors, 357. The causes of removal specified in the statute, (Code, § 1696,) include only causes which originate after the grant of administration; the statute evidently proceeding on the idea, that the letters were rightfully obtained in the first place.

WATTS, JUDGE & JACKSON, with R. M. WILLIAMSON, *contra*, made these points:

1. If the grant of administration to Bradley was merely voidable, and not absolutely void, it cannot be collaterally impeached on account of any errors or irregularities, no matter how numerous or glaring they may have been.—Miller v. Jones, 26 Ala. 259, and cases there cited; Emery v. Hildreth, 2 Gray, 228; Hutchinson v. Priddy, 12 Grattan, 85; Sadler v. Sadler, 16 Ark. 628; Riley v. McCord, 24 Miss. (3 Jones,) 265.

2. Whether the probate court had jurisdiction to make the grant of administration, must be ascertained by reference to the facts before it.—Eslava v. Elliott, 5 Ala. 264. The jurisdiction of the probate court attached, whenever

these two facts were shown : 1st, that the decedent was not an inhabitant of this State at the time of his death ; and, 2d, that there were assets belonging to his estate in Lowndes county.—Code §§ 690, 1621, 1667 ; Miller v. Jones, 26 Ala. 259. If the decedent had left a will in Alabama, that would not have taken away the jurisdiction of the court to grant administration, but would only furnish ground for a revocation of the letters.—Code, §§ 1722–23. If the existence of the will made the grant void, there would be no necessity for its revocation. A will made in South Carolina, by a person who resided and died there, cannot have more potency here than a will made here by a resident of Alabama. The grant of administration, then, was voidable only, and not absolutely void.—Kittredge v. Folsom, 8 N. H. 98 ; Baldwin v. Buford, 4 Yerger, 16 ; Burnley v. Duke, 1 Rand. (Va.) 108 ; S. C., 2 Rob. (Va.) 102 ; Thompson v. Meek, 7 Leigh, 419 ; Fisher v. Bassett, 9 Leigh, 119 ; Sheldon v. Wright, 7 Barbour, 39 ; Pettigru v. Ferguson, 6 Rich. (So. Ca.) 378 ; Hull v. Neal, 27 Miss. 424.

3. The grant of administration to Bradley defeated Broughton's right to collect the debt in Alabama. As soon as Bradley was appointed, the debt due by him to the estate ceased to be a chose in action, and, in contemplation of law, became money in his possession belonging to the estate, and subject to administration in his hands. Kennedy v. Kennedy, 8 Ala. 394 ; Childress v. Childress, 3 Ala. 752 ; Mahorner v. Harrison, 14 Ala. 832. The right of a foreign representative to maintain a suit here is only *ex comitate*, and can never be exercised when there is a domestic representative, although the latter is merely ancillary.—Authorities above cited.

4. The probate court erred in revoking Bradley's letters of administration. The fact that, in his application for the grant of administration, he represented the value of the estate to be less than it really was, would be good ground for requiring him to give an additional bond ; and the fact that he was the debtor of the estate, instead of tending to injure the estate, gives additional security for the payment of the debt, since the sureties on his

administration bond would become liable for it.—Wingate v. Wooten, 5 Sm. & Mar. 245.

STONE, J.—These two cases are so intimately connected, that we propose to consider them together.

The decision of these cases renders it necessary that we should determine whether the appointment by the probate court of Lowndes, of Mr. Bradley as administrator of Edward Broughton, deceased, was regular or irregular; and if irregular, whether the appointment was absolutely void, or only voidable. Mr. Bradley was appointed administrator generally, and not administrator with the will annexed.

Our constitutional and statutory provisions, which confer on courts of probate power to take proof of wills, and to appoint administrators and executors, are the following:

Constitution of Alabama, art. 5, § 9: "The general assembly shall have power to establish, in each county within this State, a court of probate, for the granting of letters testamentary and of administration, and for orphan's business."

Code, § 670: Courts of probate have, in the cases defined by law, original jurisdiction of:

"1. The probate of wills.

"2. The granting of letters testamentary, and of administration, and the repeal or revocation of the same."

"§ 1621. Wills must be proven in the several probate courts, as follows:

\*      \*      \*      \*      \*      \*

"3. Where the testator, not being an inhabitant of the State, dies out of the county, leaving assets therein, in the probate court of the county in which such assets or any of them are.

"4. Where the testator, not being an inhabitant of the State, dies, not leaving assets therein, and assets thereafter come into any county, in the probate court of any county into which such assets are brought."

"§ 1630. Where the testator was not, at the time of his death, an inhabitant of this State, and his will has been

duly proved in any other State or country, it may be admitted to probate in the proper court of this State in manner following:"

Subd. 1 provides for the probate of a will, which has been admitted to probate in another State, on the production of such will and the proceedings duly certified, &c.

"§ 1658. No person must be deemed a fit person to serve as executor:

"2. Who is not an inhabitant of this State."

"§ 1664. If no person is named in the will as executor; or if they all renounce, or fail to apply within the time specified in the preceding section, or are unfit persons to serve, the following persons are entitled to letters of administration with the will annexed, in the following order:

"1. The residuary legatee.

"2. The principal legatee."

"§ 1665. If such persons fail to apply within such time, refuse to accept, or are unfit to serve, then such letters may be granted to the same persons, and in the same order, as letters of administration are granted in cases of intestacy."

"§ 1667. Courts of probate, within their respective counties, have authority to grant letters of administration on the estates of persons dying intestate, as follows:

     *      *      *      *      *      *

"3. When the intestate, not being an inhabitant of the State, dies out of the county, leaving assets therein.

"4. When the intestate, not being an inhabitant of the State, dies, leaving no assets therein, and assets are afterwards brought into the county."

"§ 1676. The judge of probate may, in any contest respecting the validity of a will, or for the purpose of collecting the goods of the deceased, or in any other case in which it is necessary, appoint a special administrator, authorizing the collection and preservation of the goods of the deceased, until letters testamentary or of administration have duly issued."

We have copied above the principal provisions of both the constitution and statute laws of this State, which bear

on the question of the regularity of Mr. Bradley's appointment.

The appointment of Mr. Bradley was not that of a *special administrator* under section 1676 of the Code. His appointment was in terms general. Nor was the appointment made under section 1664 of the Code, because the facts authorizing such appointment had not then transpired. Moreover, he was not appointed administrator *with the will annexed.* The appointment, then, must rest on section 1667, subdivisions 3 and 4, of the Code, or it was improperly made. That section did not authorize the appointment, because Mr. Broughton did not die *intestate.* The appointment was, then, irregular.—1 Williams on Executors, 479 to 487.

Having attained the conclusion that the appointment of Mr. Bradley in this case was irregular, we approach the second question—viz., was the appointment void or voidable?

In the case of Sims v. Boynton, 32 Ala. 553, we held, that the probate court, in the matter of the appointment of administrators, possessed the properties of a general jurisdiction; and that the fact of appointment carried with it presumptive evidence of authority to make it. See the authorities therein cited. We announced the same principle in Ikelheimer v. Chapman's Admr's, 32 Ala. 676. See, also, authorities cited in the dissenting opinion in that case, delivered by the writer of this opinion. The question above propounded, then, is solved by answering another question—had the probate court jurisdiction to make the appointment?

We hold, that the jurisdiction of the court to make the appointment depends, not on the selection of *the person* to be clothed with the trust, but on the authority of the particular court to appoint *a personal representative* of the estate.—1 Williams on Ex'rs, 491; Miller v. Jones, 26 Ala. 247; Leonard v. Leonard, 14 Pick. 280; Emery v. Hildreth, 2 Gray, 228; Sharpe v. Hunter, 16 Ala. 759.

Applying this rule to this case, testator, at the time of his death, was not an inhabitant of this State, nor did he die in any county in this State, leaving assets therein.

No personal representative of his estate had been appointed within the State of Alabama; and he had assets in the county of Lowndes. These facts gave that court jurisdiction; and the fact that an administrator with general powers, instead of the executor, or an administrator with the will annexed, was appointed, was a question of regularity. It authorized a revocation of the appointment, but did not render it void.

We are aware that, in some of the old decisions, the appointment of an administrator, where there was a will, was said to be void.—Abraham v. Cunningham, 3 Keble, 725; S. C., 2 Mod. 146; Graysbrook v. Fox, 1 Plowd. 275.

The tendency of modern decisions, however, upon this as upon many other questions, is, not to pronounce judicial acts void, unless forced thereto by some stern rule of law, or of public policy. The consequences of pronouncing acts voidable rather than void, commend themselves by such a healthy conservatism, that courts should hesitate before declaring void what has passed judicial sanction.

In the case of Ragland v. Gunn, 14 Sm. & Mar. 194, a will had been probated. Subsequently the probate was set aside, and an administrator with general powers was appointed, who proceeded to administer the estate. One question made and considered was, whether, conceding the order revoking the will to have been without authority and void, the order appointing the administrator was without the jurisdiction of the court and void? It was decided, that "the [orphan's] court [of Mississippi] had jurisdiction of the subject-matter, and of the persons. The fact of the existence of a will does not withdraw the estate from its cognizance. If the executor will not act, it becomes its duty to appoint an administrator with the will annexed. If a will be produced after the grant of letters of administration, such letters may be revoked; but the acts of the administrator, consistent with law, are confirmed. We do not see, then, that this grant of administration can be regarded as void; though there is no doubt it was erroneous, and might have been revoked."—See, also, Baldwin v. Buford, 4 Yerg. 16; Wilson v. Frazier,

2 Humph. 30; Price v. Nesbit, 1 Hill's Ch. 445, 461; Saddler v. Saddler, 16 Ark. (Barb.) 628; Savage v. Benham, 17 Ala. 119; Burnley v. Duke, 1 Rand. 108; S. C., 2 Rob. (Va.) 102; Thompson v. Meek, 7 Leigh, 419; Hutcheson v. Priddy, 12 Grat. 85; Kittridge v. Folsom, 8 N. H. 98; Parkman's case, 6 Rep. (vol. 3) 19; Pettigru v. Ferguson, 6 Rich. 378; Sheldon v. Wright, 7 Barb. Sup. 39; Emery v. Hildreth, *supra;* Riley v. McCord, 24 Missouri, 265; Tebbets v. Tilton, 11 Foster, (N. H.) 273; Peterman v. Watkins, 19 Geo. 153.

Applying the principles asserted in Ragland v. Gunn, *supra,* to each of the cases under discussion, we think they settle the main questions presented by the assignments of error, adversely to each appellant. These principles are also in strict conformity with the provisions of section 1693 of the Code.

The section last mentioned, as the same appears in the printed Code, is obscure. The word *conducive,* in the fourth line, creates the difficulty. We have looked into the manuscript copy of the Code, and find the same word there written *conducive.* We have no doubt that the true word is and should be *conclusive;* and that the error originated in transcribing the manuscript. The context proves our inferences to be correct.

If the probate court of Lowndes had had no jurisdiction of the subject-matter—in other words, the testator being at the time of his death an inhabitant of the State of South Carolina, and dying there—if there had been at the time of the appointment no assets belonging to his estate in Lowndes county, then the appointment of Mr. Bradley would have been absolutely void, and would have been so declared when collaterally assailed. Section 1693 of the Code would exert no influence on such a case. See Treadwell v. Raney, 9 Ala. 590; Wilson v. Frazer, 2 Humph. 30; 1 Williams on Ex'rs, 488 *et seq.;* Duncan v. Stewart, 25 Ala. 408; Matthews v. Douthit, 27 Ala. 273; Creath v. Brent, 3 Dana, 129; Sigourney v. Sibley, 21 Pick. 101. See, also, Woolley v. Woolley, 5 B. & Ald. 744; Dickinson v. Naul, 4 B. & Adol. 638; Allen v. Hopkins, 13 Mees. & W. 93; Hobart v. Frost, 5 Duer, 672.

It is contended for appellant in the case of Broughton v. Bradley, that the circuit court should have submitted to the jury the question of fraud by Mr. Bradley in procuring the letter of administration to be issued to himself. The evidences of fraud relied on are, that Mr. Bradley did not communicate to the judge of probate the fact that decedent had left a will; and that he represented the assets within the county of Lowndes at about five hundred dollars, when he knew their value to be 'over two thousand dollars. There was also some testimony, the object of which must have been to disprove the statement in Mr. Bradley's petition, that decedent owed debts to persons resident in Lowndes county.

We do not think the tendency of the proof was to establish that description or species of fraud, which strangers to a judgment may prove, and thus defeat and render void a judgment of a court having jurisdiction in the premises. The argument used above, in favor of holding the appointment voidable rather than void, applies to this feature of the case, equally with that. Moreover, many of the authorities cited above show that the appointment of an administrator with general powers, made in disregard of a valid, subsisting will, is revocable, but not void. See Cow. & Hill's notes, part 2, 78–9–80 ; Hull v. Hamlin, 2 Watts, 354 ; Postens v. Postens, 3 Watts & Serg. 127 ; Baird v. Campbell, 4 Watts & Serg. 191 ; Atkinson v. Allen, 12 Ver. 619 ; Hazelett v. Ford, 10 Watts, 101 ; Crawford v. Simonton, 7 Por. 110.

It is also contended that plaintiff, having complied with section 1934 of the Code, had a clear right to institute his suit; and having that right at that time, if another be permitted to take out letters of administration and defeat his suit, rightfully instituted, then section 1934 does not afford the remedy intended by it.

It is a clear and undisputed proposition that, independent of our statute, no executor or administrator, receiving his authority from the courts of any country or State other than our own, could maintain, as such, any suit in this State.—Story's Confl. of Laws, § 513, and notes, ed. of 1857 ; Vaughn v. Northrup, 15 Pet. 1 ; Harrison v.

Mahorner, 14 Ala. 829, 833, and authorities cited; Carr v. Wiley, 23 Ala. 821.

His right to sue here is derived from our statute.—Code, § 1934.

It is equally clear that, in the absence of such legislation as is prescribed by section 1934 of the Code, when an inhabitant of another State dies, leaving effects in this State, the proper court of the county in which such effects are may grant administration on his estate.—See authorities *supra*.

This being the case, is there anything in section 1934 which takes away the jurisdiction? There is certainly nothing in its letter, for it expressly recognizes the right in such cases to grant letters testamentary or of administration in this State. Neither do we think there is any thing in its spirit which sanctions such construction. Our statute is one of comity. It was doubtless framed with a view to favor, without unnecessary expense, the early settlement of estates of non-residents, who happened to own property or choses in action, within this State. If we hold that an executor or administrator, receiving his authority under foreign appointment, can, by instituting suit in this State, oust our probate courts of all jurisdiction to appoint, is it not manifest that we put it in the power of a foreign representative, by hasty action, to close the doors of our tribunals, and thus deprive resident creditors of their rights to have their claims adjusted in our probate courts out of the assets found here? The third axiom of Huberus, which may be regarded as the general law of civilized nations, declares, that "the rules of every empire from comity admit that the laws of every people, in force within its own limits, ought to have the same force every where, so far as they do not prejudice the power or rights of other governments or of their citizens."—Sto. Confl. of Laws, § 29, and notes to § 38, edition of 1857. The principle contended for in this case, would give to the foreign laws the same force which they have within the limits of the State or nation by which they were enacted, *even to the prejudice of the rights of our citizens.* Such generosity is neither required nor expected

of any nation or State.—See Kennedy v. Kennedy, 8 Ala. 391, 395; Childress v. Childress, 3 Ala. 752.

Our statute, not creating an exclusive jurisdiction, must be held to confer only a cumulative remedy.—Anon. 3 Dyer, 339 *a;* Hunt v. Wilkinson, 2 Call, 41; Jewett v. Jewett, 5 Mass. 275; Bigelow v. Bigelow, 4 Ohio Rep. 138, 147.

If, under this construction, it be thought that a foreign representative suing in our courts is always at the mercy of a litigious debtor, the answer is, that the legislature can correct the abuse. Perhaps, in such case, a statute, prohibiting the appointment, after suit brought, of a resident administrator, except on satisfactory proof that the estate was liable for, or owed debts to residents of this State, would remedy the evil, without imparing the right.

It is objected to the plea filed *puis darrein continuance* in this cause, that it proposes to be in bar of the entire action, when the facts stated in it do not bar the entire action.

The previous decisions of this court hold, that a plea which assumes to answer the entire action, and yet offers only a partial defense, is bad on demurrer. We have, in this respect, followed the English rule.—Stein v. Ashby, 30 Ala. 363; Bryan v. Wilson, 27 Ala. 208; Deshler v. Hodges, 3 Ala. 509.

While it is not our purpose to shake the authority of the cases cited, so far as those cases go, we think extreme technicality in the matter of pleading should not be encouraged. Our Code has done much to strike down the former, sometimes, shadowy structure, which, we think, did not well comport with the massive proportions of the common law.

In the case of Deshler v. Hodges, the question did not arise, and the court simply stated the rule, holding that it did not apply in that case. In Bryan v. Wilson, the action was against three, and two only of the defendants pleaded a defense personal to themselves. In the commencement of their plea, they employed the words *actio non,* [the plaintiff ought not to have or maintain his action aforesaid.] This was within the rule; for the plea

offered no reason why the action should not, be maintained against the third defendant.

In Stein v. Ashby, the defendant pleaded, *in bar of this action*, a defense which barred only a portion of the damages. This also was within the rule.

The plea in the present case professes to be in short by consent. It contains no such words as *action non*, nor, *in bar of this action*. Neither does it, in terms, propose to bar the entire suit. True, it omits the word *further*, which is usually employed in pleas *puis darrein continuance;* but we think it contains no averment, which is inconsistent with such relief. It simply sets out the facts. This, we think, under the Code, (§ 2237,) and the case of Deshler v. Hodges, amounts to a good partial defense to the action.—See 1 Chit. Pl. 660; 3 *ib.* 1238; McGowan v. Hay, 4 J. J. Mar. 223.

We are aware that, in the case of McDougald v. Rutherford, 30 Ala. 253, principle 3, a rule is asserted, different from what we have stated above. That suit was brought before the Code went into effect, and is consequently not governed by its provisions. We place our present opinion mainly on the provisions of the Code, which, in a great degree, · dispense with the formal parts of pleading.

It results from what we have said, that there is no error ·in either of the records under consideration.

Judgments affirmed.