## JENNINGS *vs.* MOSES.

[APPLICATION FOR REVOCATION OF LETTERS OF ADMINISTRATION.]

1. *Validity of grant of administration.*—A grant of administration as in case of intestacy, where the decedent left a nuncupative will, which has been duly admitted to probate, is voidable and revocable.

APPEAL from the Probate Court of Coffee.

IN the matter of the estate of John A. Jennings, deceased, on the application of Robert M. Jennings for the revocation of letters of administration granted by said probate court to Linton L. Moses. The decedent died, in

August, 1853, in Fayette county, Georgia, where he was domiciled at that time ; and left a nuncupative will, which was duly admitted to probate by the court of ordinary of that county.   Letters of administration on his estate, with the will annexed, were granted by said court of ordinary to his widow, Mrs. Sarah Jennings, who reduced to possession all the assets belonging to the estate, and removed to Coffee county, Alabama, where she died in December, 1859.  Some time during the year 1859, some of the negroes belonging to the estate, which the administratrix had reduced to her possession, were brought, with her consent, into Coffee county.   On the 6th November, 1860, letters of administration *de bonis non*, with the will annexed, were granted by said court of ordinary to the petitioner, Robert M. Jennings ; and in December, 1860, letters of administration were granted by the probate court of Coffee county, to the defendant, Linton L. Moses.   The petitioner alleged, that the defendant's letters of administration were void, " because there was no property belonging to said estate within the county of Coffee, under the jurisdiction of said court, and subject to be administered."   The defendant's letters of · administration are no where set out in the record; and neither the petition nor the evidence adduced on the hearing, as set out in the bill of exceptions, discloses their character. On the evidence adduced, all of which is set out in the bill of exceptions, the court decided, " that the grounds for removal set forth in the petition were not sustained by the proof," and therefore dismissed the petition ; and this decree is now assigned as error.

MARTIN, BALDWIN & SAYRE, for appellant.
GOLDTHWAITE, RICE & SEMPLE, *contra*.

A. J. WALKER, C. J.—The administration of the appellee, upon the facts proved, was voidable and revocable, because it was a general administration granted as in case of intestacy, when the deceased died testate, leaving a nuncupative will.—*Broughton v. Bradley*, 34 Ala. 694,

For that reason, the court below erred, and its judgment must be reversed, and the cause remanded. In reversing upon this ground, we do not mean to affirm that there is no other valid objection to the administration, but we remain uncommitted as to all other points presented by the brief of counsel.