# Watson v. Glover.

*Application for Revocation of Letters of Administration.*

1. *Revocation of letters of administration, as improvidently granted.* When letters of administration have been granted as in case of intestacy, and a will is afterwards produced and proved, the statute makes it mandatory on the court to revoke such letters on the application of the per-

[Watson v. Glover.]
son named as executor (Code, § 2414); but, when such letters are granted on the representation of the person appointed that the decedent left no will, although the will had been already admitted to probate, and the estate administered under it for many years, the court may revoke them, on the application of any persons interested in the estate, or even *ex mero motu*, as having been irregularly and improvidently made.

APPEAL from the Probate Court of Barbour.

Heard before the Hon. A. H. ALSTON.

In the matter of the estate of Charles D. Bush, deceased, who died in said county, in the year 1853; on the application of Mrs. Salina B. Glover and others, heirs at law of said decedent, distributees of his estate, and legatees under his will, for the revocation of letters of administration *de bonis non*, as in case of intestacy, granted to John A. Watson on the 19th November, 1884. The record sets out the petition of said Watson asking the grant of letters of administration to himself, which was filed on said 19th November, 1884, and in which he alleged that said decedent died in said county, "leaving no last will and testament, so far as petitioner knows or believes," and leaving an estate consisting of real and personal property, of which about three hundred acres of land remained still unadministered; that letters of administration on said estate were granted by said court, on the 20th January, 1882, to one Martin, as sheriff of the county; that Martin's term of office expired on or about November 1st, 1884, and there was a consequent vacancy in the administration. The petition asking the revocation of these letters, which was filed on the 19th December, 1884, alleged and charged that the petitioners had no notice of said application; that said decedent did not die intestate, but, on the contrary, his last will and testament was duly proved and admitted to probate in said court many years before, and the estate was administered under its provisions by the former administrator; that these facts were well known to said Watson when he filed his application for the grant of letters; that he was not a proper person to be appointed administrator; that he had no interest in the estate, and no claim against it, but was interested adversely to it on account of some former litigation; and they therefore insisted that his letters, if not void, were irregular and voidable, and prayed that they might be revoked, and that letters of administration *de bonis non* with the will annexed might be granted to C. D. Bush, one of said petitioners.

An answer to this petition was filed by Watson, in which he admitted the probate of the decedent's will, and alleged that the averment of his intestacy, contained in his petition, was inserted therein by the mistake and inadvertence of his counsel; denied that he had any interest adverse to the estate, or was in

any way disqualified as administrator; and demurred to the petition, on the ground that no cause for the revocation of his letters was shown. The court having overruled the demurrer, Watson then asked leave to amend his original petition, by striking out the averment that the decedent died intestate, and alleging, in lieu thereof, that he died testate, and that his will was duly proved and admitted to probate in said court; but the court refused to allow the amendment, and rendered a decree declaring the grant of letters to him " irregular, voidable, and revocable," and revoking and setting them aside. The decree recites that Watson excepted to the refusal of the court to allow the proposed amendment of his petition, but there is no bill of exceptions in the record.

The refusal of the court to allow this amendment, and the decree revoking the grant of administration, are now assigned as error.

McKLEROY & COMER, and H. D. CLAYTON, Jr., for the appellant.

J. N. WILLIAMS, and J. M. WHITE, contra.

SOMERVILLE, J.—The letters of administration issued to Watson were granted upon the representation, made by him, that the decedent died without leaving a will. This being untrue, the grant was voidable, and it was both the right and duty of the Probate Court to revoke such letters, as having been irregularly and improvidently granted.—Broughton v. Bradley, 34 Ala. 694 ; Jennings v. Moses, 38 Ala. 402.

The provisions of the Code, specifying certain causes for which an administrator may be removed, have no application to cases of this character, as several times heretofore adjudged by this court.—Curtis v. Williams, 33 Ala. 570 ; Dunham v. Roberts, 27 Ala. 701 ; Code, 1876, § 2386.

The power thus to revoke letters of administration, improvidently or irregularly issued, is one inherent in Probate Courts as a feature of their general jurisdiction, and may be exercised by them in proper cases, ex mero motu, without application being made for such purpose by any one.—1 Williams on Ex'rs (Perkins' Ed.), 643-644, note (o) ; County Court v. Bissell, 2 Jones, (Law) N. C. 387; Curtis v. Williams, 33 Ala. 570. Section 2414 of the present Code (1876) only regulates this jurisdiction, so far as to make it mandatory upon the Probate Court to revoke letters granted as in case of intestacy, where a will is proved, and the executor therein named appears and claims letters testamentary. Upon his compliance with the requisitions of the law, the court is required to grant to

[Gunter v. DuBose.]

him letters testamentary. Our statutes no where abrogate this inherent power, nor limit its exercise to an application made by any particular person. The better practice, however, is to require an application in writing by the parties in interest who desire to invoke the jurisdiction in their behalf.

The letters granted Watson having been properly revoked, and all right of preference, conferred by the statute upon particular classes of persons, having been forfeited by lapse of time, the probate judge was invested with a large discretion in selecting a suitable person to succeed in the administration ; and we can not see from the record that he has exercised it in such a manner as to violate any rule of law.

Judgment affirmed.