## Equitable Trust Co., Admr., et al. v. Coughlin.

### (Decided June 7, 1912.)

### Appeal from Mason Circuit Court.

Wills—What is Sufficient Designation of Executor.—A person is sufficiently designated as executor by the will where it provides "I point my partner to settle my business, to pay all my lawful debts," and the will otherwise gives the name of the partner.

A. D. COLE, F. P. O'DONNELL for appellants.

WORTHINGTON & COCHRAN, J. M. COLLINS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

J. J. Coughlin died testate a resident of Mason county. His will, which was duly admitted to probate, is in these words:

"September 24, 1909.

"I will my interest in the Marion Toll farm to my partner, T. A. Coughlin, children of Margaret, Minnie, Lizzie, Josephine and Morris Coughlin and half interest of the Carrie Walton farm to his, Morris Coughlin. I point my partner to settle my business, to pay all my lawful debts.

"J. J. COUGHLIN."

After the will was probated T. A. Coughlin moved the county court to allow him to qualify as executor of the will. The court refused to do this and appointed the Equitable Trust Co. as administrator with the will annexed. T. A. Coughlin appealed to the circuit court. The circuit court set aside the order of the county court, appointing the trust company as administrator with the will annexed, and adjudged that T. A. Coughlin is named as executor in the will, being designated therein by the words "my partner," and that he is entitled to qualify

as such. The case was remanded to the county court with directions to permit T. A. Coughlin to qualify as executor, and from this judgment the trust company prosecutes the appeal before us.

The will is very inartificially drawn, but the sense is clear. The partner who is appointed to settle the business is T. A. Coughlin, as he is referred to as such in the first line of the will. It is not necessary that a will shall use the word "executor." It is only necessary that words shall be used sufficiently showing the intention of the testator. The words "I point my partner to to settle my business, to pay all my lawful debts" aptly describe the duties of an executor. The rule is that where it appears from the will that it was the intention of the testator to commit the management of his estate after his death to another, this is a sufficient appointment of that person as his executor. Creath v. Brent, 3 Dana, 131; Myers v. Daviess, 10 B. Mon., 396; Schouler on Executor, section 36; 1 Williams on Executor, 278; 3 Redfield on Wills, p. 70. It sufficiently appears from the will that the testator intended to commit the management of the estate to his partner, T. A. Coughlin. The circuit court properly so adjudged.

Judgment affirmed.