*Mills v. Carter.*

*Per Curiam.*—The judgment is affirmed with costs.

---

Mills *v.* Carter and Others.

Letters of administration granted in vacation, within thirty days after the intestate's death, to any other person than his widow (she not having relinquished in writing her right to administer), should, on her application, be revoked at the next term of the Probate Court, and letters granted to her.

ERROR to the *Fountain* Probate Court.					*Wednesday, November 25.*

Perkins, J.—Petition to the Probate Court of *Fountain* county for the revocation of letters of administration granted to the defendants, and for a re-grant of the same to the petitioner.  Petition denied.

The facts are, that *James F. Mills* of *Fountain* county, on the 19th of *June,* 1845, departed this life intestate, leaving a widow.  On the 5th of *July* following, being less than thirty days from *Mills's* death, *Samuel Carter, John Gilfillan,* and *John L. Mills,* without having first procured from the widow

Nov. Term, 1846.

MILLS
v.
CARTER.

a written relinquishment of her right to administer, obtained in her absence through fraud, and against her wishes, from the clerk of *Fountain* county, letters of administration on said *James F. Mills's* estate.

On the first day of the next succeeding term of the *Fountain* Probate Court, the widow of the deceased, *Silence Mills*, appeared, and, on the coming in of the clerk's report of his vacation appointment for confirmation, filed her petition that the same be not confirmed, but repealed and regranted to herself; and, in support of her petition, she made proof of the foregoing facts, and that she had failed to apply for letters within thirty days from her husband's death, owing to the previous grant to the defendants and her supposal that she was bound thereby. No proof was adduced tending to show that the widow was incompetent to discharge the duties of the appointment.

The Court erred in refusing the petition. By our statute, the right of administration is given first to the widow to the exclusion of all others. R. S. 1843, p. 503, s. 93. Letters cannot rightly be issued to any other person till after the expiration of thirty days from the death of the husband, unless upon the written relinquishment of her right by the widow. *Id.* pp. 503, 4, ss. 93, 95. If they are granted to another within that time, in the absence of such relinquishment, the grant is irregular and voidable, and may be revoked at the succeeding term of the Probate Court. *Id.* p. 507, s. 108. The widow might, perhaps, have applied within the thirty days and obtained letters, notwithstanding the previous grant; but we think she pursued the preferable course in waiting ·for the revocation of that grant. In Toller on Executors, 126, it is said: "Some authorities maintain that if the ordinary commit administration to the wrong party, and then commit it to the right, the second grant is a repeal of the first without any sentence of revocation; but in other cases it is held that the first is not avoided except by judicial sentence. And the practice is to call in and revoke the first administration before the second is granted."

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. W. Lawson,* for the plaintiff.

*W. H. Mallory,* for the defendants.