## CURTIS *vs.* WILLIAMS.

[APPLICATION FOR REVOCATION AND GRANT OF ADMINISTRATION.]

1. *To whom and when letters of administration must be granted.*—Under the provisions of the Code, (§§ 1668–69, 1675, 1682,) letters of administration cannot be granted to the largest creditor of the decedent, until the expiration of forty days after the death of the decedent is known, unless all the persons having a prior right to the administration have relinquished their right in the manner prescribed in the statute ; nor can letters be properly granted, before the expiration of such forty days, to a person who is neither the widow, (or husband, as the case may be,) next of kin, or largest creditor of the decedent, unless all of them have relinquished their right.

2. *Revocation of letters improvidently granted.*—If letters of administration have been improvidently granted to a person who was not entitled to them, it is the right and duty of the court, on the application of any person whose right is thereby prejudiced, to revoke them, on the ground that they were improvidently granted.

3. *When application for grant of letters must be made.*—The largest creditor of the estate, desiring the revocation of letters prematurely granted to another, and the grant of letters to himself, must make his application within forty days after the death of the intestate is known, although the persons previously entitled to administer may not then have relinquished their right. (STONE, J., *dissenting*, held, that such creditor could not complain of the dismissal of his application, which was filed before the expiration of the forty days, when he did not show that the persons having a prior right had relinquished it.)

4. *Right of administration cannot be delegated.*—The widow, or other person entitled to the administration, cannot delegate that right to another, to the exclusion of the person on whom the statute next casts the right.

APPEAL from the Probate Court of Lowndes.

IN the matter of the estate of Joel Burt, deceased, on the application of Thomas D. Curtis, the appellant, for the revocation of letters of administration previously

granted to Thomas M. Williams, and the grant of letters to himself. The petition was filed on the 6th January, 1859, and alleged the following facts : That the decedent, Joel Burt, died in Lowndes county, intestate, on the 28th November, 1858, having assets in said county at the time of his death ; that he left a widow, Mrs. Jane Burt, who resided with her husband at the time of his death, and still continued to reside in said county ; that Mrs. Burt, on the 7th December, 1858, relinquished her right to administer on the estate of her said husband, in favor of Thomas M. Williams, the general administrator of the county, and filed her written relinquishment in said probate court ; that said Williams, on the 13th December, 1858, made application for the grant of administration on said estate, and letters were accordingly granted to him as the general administrator of the county ; that the decedent, at the time of his death, was indebted to the petitioner in the sum of $5,300, which amount was still due when the petition was filed ; that the petitioner was the largest creditor of the decedent's estate, was of lawful age, was competent to administer on said estate, and was entitled to the administration in preference to any other person ; and that he therefore prayed the revocation of Williams' letters, and the grant of letters to himself.

The court sustained a demurrer to the petition, on the ground that it showed a valid grant of administration to Williams, and did not allege any sufficient cause for the revocation of his letters ; to which the petitioner excepted, and which he now assigns as error.

BAINE & NESMITH, for appellant.

THOS. WILLIAMS, *contra*.

R. W. WALKER, J.—Sections 1668 and 1669 of the Code are in the following words :

"§ 1668. Administration of an intestate's estate must be granted to some one of the persons herein named, if willing to accept and fit to serve, in the following order:

" 1. The husband, or widow.

" 2. The next of kin entitled to share in the distribution of the estate.

" 3. The largest creditor of the intestate, residing within the State.

" 4. Such other persons as the judge of probate may appoint.

" § 1669. If no person entitled to the administration of the estate, according to the three first subdivisions of the preceding section, applies for letters, within forty days after the death of the intestate is known, such persons must be held to have relinquished their right to the administration."

By section 1675 it is provided, that " no letters of administration must be granted, till the expiration of fifteen days after the death of the intestate is known."

By section 1682 it is provided, that " the administration of an estate must not be committed to the general administrator, or to the sheriff or coroner, except as special administrator, until the death of the decedent has been known sixty days."

Considering these various sections in connection, the following rules may be announced as resulting from their provisions :

No person should be appointed administrator, until the expiration of fifteen days after the death of the intestate is known. If there be a husband or widow, no other person should be appointed until the expiration of forty days after the death of the intestate is known, unless the husband or widow, prior to that time, relinquish the right in the mode prescribed by section 1662. If such relinquishment is, within the period referred to, made by the husband or widow, then the next of kin may be appointed before the expiration of the forty days. In like manner, unless both the widow and the next of kin relinquish in the mode prescribed by section 1662, the largest creditor of the intestate residing in the State, should not be appointed until the expiration of forty days. If the husband or widow and next of kin do relinquish within that time, in the mode prescribed, then such creditor may be ap-

pointed after such relinquishments, and before the expiration of the forty days. But, under no circumstances, should any one not belonging to one of the first three classes specified in section 1668 be appointed, until the expiration of forty days after the death of the intestate is known, unless all the persons belonging to these three classes relinquish within that time. If the persons belonging to these three classes fail to apply for letters within the forty days, they must be held to have relinquished their right to the administration; and the court may then appoint any other fit and suitable person, with this exception, that the administration of the estate must not be committed to the general administrator, or to the sheriff or coroner, until the death of the decedent has been known sixty days.

It is hardly necessary to observe, that the rules here stated do not apply to the special administrations provided for by section 1676 of the Code.

[2.] If letters of administration are granted to any person, before, according to the rules just stated, they ought to be, such letters must be considered as having been improvidently issued; and we do not doubt, that it is both the right, and the duty of the court, to revoke them. The provisions of section 1696, specifying certain causes for which an administrator may be removed, do not apply to such a case, or destroy the inherent right of the court to revoke letters improvidently granted.—Dunham v. Roberts, 27 Ala. Rep. 701; Mullanply v. County Court, 6 Missouri, 563; 1 Williams' Executors, 479; Muirhead v. Muirhead, 6 Sm. & M. 451; Mills v. Carter, 8 Blackf. 203.

The application to have such letters revoked, may be made by any of the persons specified in the first three subdivisions of section 1668. Such persons are expressly authorized by section 1669 to apply for letters before the expiration of the forty days; and this seems necessarily to import a right on their part to ask for the revocation of letters improperly issued to another. When the administration has been granted to one person, an application for letters by another, unaccompanied by a prayer for

the revocation of those already issued, would appear to be simply nugatory. It seems to be a solecism to say that one of the persons named can, in the case supposed, before the expiration of the forty days, ask the court that letters may issue to himself, but cannot at the same time petition for the revocation of the letters which have been improperly granted to another.—See Mills v. Carter, 8 Blackf. 203. Whether any one not interested in the estate may not apply for a revocation of letters improvidently or prematurely granted to another, is a question which we need not now decide.—1 Williams on Executors, 478.

[3.] In the present case, the petitioner shows that he is the largest creditor of the intestate, residing in the State, and he therefore stands third in the order of those entitled to administration. If he had failed to apply for letters within forty days, he would have thereby forfeited his right; and hence it was proper for him to make the application before the expiration of that time, although it may not be shown that either the widow or next of kin had relinquished. Unless, however, the widow and next of kin had relinquished, the petitioner was not entitled to letters until after the forty days had expired; because, until then, in the absence of previous express relinquishments by the persons standing before him in the order established by law, his right was not perfected. The petitioner's application for letters to himself, and for the revocation of those previously issued to Williams, was, therefore, not prematurely filed; and if the widow and next of kin suffered forty days, after the death of the intestate became known, to elapse, without applying for letters, they thereby forfeited their right, and the administration ought to be committed to the petitioner, if he is in fact the largest creditor residing in the State, and is not rendered unfit by virtue of some of the reasons specified in sections 1658 and 1696 of the Code.

[4.] The right of administration is regulated by law, and cannot be delegated to another. If the person first entitled does not choose to qualify, he cannot nominate another as a substitute for himself, to the exclusion of the

right which the statute gives to those next in order. The widow of the intestate had, therefore, no power to transfer her right to a third person.—Mursey v. Webster, 4 Foster, 126; *Ex parte* Young, 8 Gill, 286; McBeth v. Hunt, 2 Strobh. 335.

It results from what has been said, that the court erred in sustaining the demurrer to the petition.

The decree is reversed, and the cause remanded.

STONE, J.—I concur with the majority of the court in holding—

1st. That the appointment of Mr. Williams was irregular, and should have been revoked.

2d. That it was the privilege and legal duty of Mr. Curtis, if he intended—the first and second classes failing—to apply for letters of administration upon the estate of Mr. Burt, to make his application to the judge of probate within forty days after the death of the intestate was known; otherwise, he would have forfeited his right, as the largest creditor of the intestate, to the administration. Code, §§ 1668, 1669.

I will concede, further, that if Mr. Burt had left no widow, or next of kin entitled to share in the distribution of his estate; or, leaving such, they had severally renounced the administration, then the largest creditor, at any time after the expiration of fifteen days after the death of the intestate was known, might have filed his petition, and, averring and showing such facts, might then have claimed the appointment. In such case, if another should have been improperly appointed, he might also have had such appointee removed from the administration. Code, § 1675.

I may also safely concede, that it is both the privilege and the duty of the judge of probate, whenever he is made sensible that he has, in the appointment of an administrator, disregarded the provisions of the Code above cited, to revoke the letters of administration, *ex mero motu*.

When, however, a person, not previously known to the record, seeks to put in motion the machinery of the law,

and asks that judgment shall be pronounced upon the rights of another, I think it is a rule to which there is no exception, (save, perhaps, the case of public officers, prosecutors and informers,) that the applicant or suitor shall show that he has some present right, legal or equitable, to be affected by the result. No statute has made provision for an informer in the case under discussion; and I cannot, under the averments of Mr. Curtis' petition, perceive that he is, or ever will be entitled, under the law, to claim appointment as administrator of Mr. Burt's estate.

Let us suppose that to this petition it had been answered, that another person, next of kin to Mr. Burt, entitled to share in the distribution of his estate, had, within the forty days, applied for letters, and had tendered a satisfactory bond. On this state of facts, what judgment would the court pronounce on the *right* of Mr. Curtis to meddle in the administration? Certainly there can be but one answer. The court should, and probably would, adjudge that a wrong had been done, to the prejudice of a third party. That third party, however, would not be the largest creditor, but the next of kin entitled to share in the distribution.

The right to administer on the estate of a decedent, is a mere personal privilege. No public morality or policy is involved in it, further than that the legislature, doubtless for the purpose of preventing rivalry and exasperation, has declared certain preferences. This privilege, as in many cases is done, may be waived by the persons entitled, and no evil effect upon public or private morals or interests is believed to follow therefrom.

Another argument, however, is, with me, conclusive upon this question. The death of Mr. Burt intestate, being at the time an inhabitant of Lowndes county, gave to the probate court of that county jurisdiction to appoint an administrator upon his estate. Having jurisdiction to appoint, the fact that the trust was committed to one person, when another had a paramount claim to it, did not render the appointment void, but voidable—*revocable.* Being only voidable, it was valid, until some person, hav-

ing a legal right to complain, moved for, and obtained the judgment of the court setting it aside. Mr. Curtis, having but a possible, not fixed and legal right to the appointment, moved in this matter prematurely; and he cannot be heard to complain that his motion was over-ruled.

I hope it may not be considered a forced analogy, when I say that, to me, a suit for the inheritance, by one who stood in the relation of heir apparent to the holder of the legal title, would be as maintainable as the present. To render the analogy more striking, we may suppose that the ancestor, when the suit was commenced, was in *articulo mortis*, intestate, and not of testamentary capacity. Could such suit be maintained ? I apprehend the maxim, *nemo heres est viventis*, answers the question.

Let me repeat, we are not reviewing the action of the probate court, in removing an administrator improperly appointed. We are asked to pronounce that the probate court erred in not granting the prayer of Mr. Curtis' petition, when, to my apprehension, he fails to show any authority, based on the ground stated in the opinion of my brothers, to invoke the action of that court or this. Cutchin v. Wilkinson, 1 Call, 3.

Whether the *interest* of Mr. Curtis *as a creditor of the estate*, independent of any claim to the administration which he may assert, authorized him to ask the removal of the administrator who had been improperly appointed, I do not now consider.

On the single point above considered, I dissent from the opinion of the majority of the court.