34 683
f120 87

## BINGHAM vs. CRENSHAW.

[APPLICATION FOR GRANT OF LETTERS OF ADMINISTRATION.]

1. *To whom administration may be granted.*—The fact that an applicant for letters of administration has, without authority, intermeddled with the intestate's ·effects, and disposed of some of the property belonging to the estate, does not, *per se*, disqualify him for the office of administrator, (Code, §§ 1658, 1668,) nor render his appointment irregular.

APPEAL from the Probate Court of Limestone.

IN the matter of the estate of Mrs. Elizabeth Crenshaw, deceased, on the respective applications of Daniel H. Bingham and William M. Crenshaw for the grant of letters of administration. The intestate was the widow of Freeman Crenshaw, deceased, and died in Limestone county, the place of her residence, on the 13th October, 1857, intestate. No application was made for the grant of letters of administration on her estate, until the 2d day of March, 1859, when petitions were filed by the parties to this suit, each asking the grant of letters to himself; the petition of Bingham being first filed. The applications were brought to a hearing on the 28th March, 1859, when the following facts were disclosed by the evidence:

Freeman Crenshaw, the former husband of the intestate, died in said county of Limestone, in the early part of the year 1853, leaving a last will and testament, which was duly admitted to probate in said county on the 28th March, 1853, and by which he bequeathed sixteen negroes to his said wife, and one negro to each of his children; and by which he also devised his plantation to his wife, "for her to live on, and as many of the children to live with her as wish to do so, or to live on the above-described land, together with all the stock of every kind, blacksmith and plantation tools, and household utensils of every kind, for her use and benefit during her widowhood or lifetime, and at her death to be equally divided among my [his] children." On the 16th May, 1853,

letters of administration on the estate of said Freeman Crenshaw, with the will annexed, were granted to said William M. Crenshaw, who was his son. The children and heirs-at-law of said Freeman were also the children and heirs-at-law of his wife. "All the legacies and bequests left by said Freeman's will to his said wife, remained in her possession until her death. William M. Crenshaw occasionally acted as her agent in hiring out some of the slaves; and after her death, to-wit, on the 19th January, 1858, as the administrator of said Freeman Crenshaw, sold all the property bequeathed or devised to her by said will, for distribution among the heirs of said Freeman, under an order of the probate court of said county. It further appeared, that said William M. Crenshaw is a resident citizen of said county, is, over the age of twenty-one years, is temperate, provident, honest, of fair business habits, and has never been convicted or accused of any infamous crime; and that said Daniel H. Bingham is the husband of one of the daughters of said Freeman and Elizabeth Crenshaw, is a resident citizen of said county, and over the age of twenty-one years."

"This being all the proof before the court, the court refused the application of said Bingham, and granted letters of administration to said William Crenshaw; to which said Bingham excepted," and which he now asssigns as error.

D. H. BINGHAM, for appellant.—1. As the petition of Bingham was filed first in point of time, and no objection or unfitness was urged against him, he was entitled to the grant of administration, even if Crenshaw were equally fitted for the appointment.

2. Crenshaw was not a fit person to be appointed administrator, because his own illegal act, in making an unauthorized sale of the property belonging to the estate, places him in such a position that he cannot properly represent the interests of the heirs and distributees. That he is estopped from recovering the property so disposed of, see Swink v. Snodgrass, 17 Ala. 653; Hopper v. Steele, 18 Ala. 828; Wyatt's Adm'r v. Rambo, 29 Ala. 510.

Such an illegal act, if performed by an administrator, would be good cause for his removal; and it ought certainly to be good cause against his appointment in the first instance. The causes specified in section 1658 of the Code are not the only disqualifications for the office of administrator; and what is said to the contrary in Williams v. McConico, 27 Ala. 574, is a mere *dictum*. A person largely indebted to the estate, and having all the evidences of his indebtedness in his own possession, would not be a fit person to administer on the estate; yet that would not be a stronger case than the one at bar.

LUKE PRYOR, *contra.*—1. As the probate court had jurisdiction of the grant of administration on Mrs. Crenshaw's estate, its action in the exercise of its discretion is not revisable, but is conclusive in favor of the appointment of the appellee.—Miller v. Jones, 26 Ala. 247; Matthews v. Douthitt, 27 Ala. 273; Savage v. Benham, 17 Ala. 119; Williams v. McConico, 27 Ala. 572.

2. If the court improperly refused to appoint Bingham, his remedy is by *mandamus*, not by appeal.—Brennan v. Harris, 20 Ala. 185.

3. The sale of the property by Crenshaw, if it was unauthorized, and if it operates an estoppel against his recovery of the property, yet did not disqualify him for the office of administrator.—Code, § 1658; Williams v. McConico, 27 Ala. 574. But it is submitted, that the sale by Crenshaw, as the administrator of his father, cannot estop him from recovering the property as the administrator of his mother.

STONE, J.—The view we take of this case renders it unnecessary that we should consider several of the questions, some of which are not free from difficulty.

More than forty days having elapsed after the death of Mrs. Crenshaw was known, and no one, within the forty days, having asserted claim to the administration under section 1668 of the Code, subdivisions 1, 2 and 3,—this appointment must depend, for its authority, on subdivision 4 of said section, which directs administration to be

granted to "such other person as the judge of probate may appoint." It is here objected, that William M. Crenshaw had, before his appointment, intermeddled in the estate of Mrs. Crenshaw—had disposed of property belonging to her estate; that he had thus disabled himself from maintaining suits for the recovery of such property, and hence his appointment was irregular and illegal.

In the case of Chittenden v. Knight, 2 Lee, 559, the facts were these: "Margaret Chittenden died intestate; her son, John Chittenden, and her daughter, Juliana Knight, the wife of William Knight, both prayed administration. Knight, to divest the son, J. Chittenden, of the preference which by the practice of the court he has, exhibited an affidavit that, the next day after deceased's burial, he, J. Chittenden, took possession of deceased's effects, had an inventory made of them, and delivered them without any authority to a broker, who sold them to the best bidder at a public auction." The administration was given to John Chittenden, the son.

This case is directly in point, and is an authority for holding, that the fact of intermeddling with the effects, before administration, does not, *per se*, disqualify the intermeddler. This case is quoted without dissent by Mr. Lomax, in his excellent work on Executors, vol. 1, side page, 139.

The Code sanctions the idea, that, in granting administration, males are to be preferred to females.—§§ 1670, 1673. It also clothes the probate court with a discretion, when there are several persons equally entitled to administration, to grant letters to one or more of such persons. § 1672.

We think the probate court committed no reversible error, in the appointment of Mr. Crenshaw.—See Curtis v. Williams, 33 Ala. 570.

In announcing the above result, we do not wish to be understood as affirming whether Mr. Crenshaw can or cannot, as administrator of his mother, maintain a suit for property sold by him, previous to his appointment. See 1 Lomax on Executors, side pages 132–3; Whitehall

v. Squire, 1 Salkeld, 295; S. C., Holt, 45; 11 Vin. Abr. 221; and authorities on the brief of counsel.

Neither do we now decide, whether there are disqualifications for the office of administrator, other than those enumerated in section 1658 of the Code.—See Williams v. McConico, 27 Ala. 572; Curtis v. Williams, 33 Ala. 570.

Nor do we now announce that, in the matter of selecting between two or more applicants, against whom there exist no statutory objections, the action of the probate court can be reviewed.—Miller v. Jones, 26 Ala. 247; Curtis v. Williams, 33 Ala. 570.

Nor need we decide, whether this appeal was prosecuted in time to raise the question of the refusal of the court to appoint Mr. Bingham administrator.—Code, § 1888, subdivision 2; Holtzclaw v. Ware, at the present term. See, also, Acts of 1857–8, p. 244.

The judgment of the probate court is affirmed.