## CURTIS *vs.* BURT.

[APPLICATION FOR REVOCATION AND GRANT OF ADMINISTRATION.]

1. *Implied waiver of right of administration.*—The failure of the widow to apply for letters of administration on the estate of her deceased husband, before the expiration of .forty days after his death became known, is an implied waiver of her right to the administration, (Code, § § 1668—69 ;) and the pendency of another administration, improvidently granted before the expiration of the forty days, does not excuse her failure, nor relieve her from its consequences.

2. *Same.*—The largest creditor of the estate, having perfected his right to the administration, by filing his application, within the time prescribed by the statute, (Code, § § 1668—69,) asking the grant of administration to himself, and the revocation of letters improvidently granted to another, cannot be held to have abandoned that right, by subsequently filing another petition, asking the revocation of letters granted to the widow, without notice to him, on the resignation of the administrator whose removal he asked in his first petition.

APPEAL from the Probate Court of Lowndes.

IN the matter of the estate of Joel Burt, deceased, on the application of Thomas D. Curtis, the appellant, asking the revocation of letters of administration previously granted to Mrs. Jane Burt, the decedent's widow, and the grant of letters to himself. The facts of the case, as shown by the petition, are these : The decedent was a resident of Lowndes county, and died in said county, on the 28th November, 1858, intestate. On the 7th December, 1858, the widow relinquished her right to administer on the estate, in favor of Thomas M. Williams, the general administrator of the county, and filed her written resignation in the probate court; and said probate court, on the 13th December, 1858, granted letters to said Williams. On the 6th January, 1859, Curtis filed his petition in said probate court, alleging that he was the largest creditor of the decedent's estate, and was entitled to administer on it; and asked the revocation of the letters granted to Williams, and the grant of letters to himself. The probate court sustained a demurer to this petition,

47

on the ground that it showed a valid grant of administration to Williams, and did not allege any sufficient cause for the revocation of his letters; but the supreme court, at its January term, 1859, reversed the decree of the probate court, and remanded the cause for further proceedings. See Curtis v. Williams, 33 Ala. 570. On the 3d May, 1859, Curtis filed in said probate court another petition, in which, after stating the facts above recited, he alleged that, on the 23d March, 1859, immediately after the reversal of the cause by the supreme court, and before any further action could be taken in the cause by the probate court, Williams resigned his administration, and the probate court, without any notice to him, immediately granted letters of administration *de bonis non* to Mrs. Burt, the intestate's widow; and asked that these letters might be revoked, and that letters might be granted to himself. The probate court sustained a demurrer to this petition, and dismissed it; to which the petitioner excepted, and which he now assigns as error.

BAINE & NESMITH, for the appellant.

WATTS, JUDGE & JACKSON, and THOS. WILLIAMS, *contra*.

R. W. WALKER, J.—The decision in Curtis v. Williams, made at the last term, (33 Ala. 570,) is conclusive of this case. The petition now before us alleges, that the widow and next of kin suffered forty days after the death of the intestate became known to elapse without applying for letters. The decision just cited clearly settles that they thereby forfeited their right to the administration. In that case, it was shown that, when the application of Curtis was filed, Williams was acting as administrator under an appointment by the court. We held, that this fact did not relieve Curtis of the necessity, imposed upon him by the statute, of making his application before the forty days after the intestate's death became known expired; and that he would have forfeited his right to claim the administration, if he had failed to apply for letters within that period. A like result—the forfeiture of her right to the administration—must attend the widow's

failure to apply for letters within the period designated. The statute which declares the effect of such failure, is peremptory, and without exceptions; and the pendency of Williams' administration did not suspend its operation. The statute proceeds upon the presumption, that a widow who waits forty days, without making application, does not desire the administration; and her failure to apply within that period is, as in favor of persons who succeed her in the order of right, and who have applied within the prescribed time, conclusive evidence of her relinquishment of her right.—Code, § 1669.

[2.] We do not think that the petition which the appellant filed, for the revocation of the letters issued to Mrs. Burt, can be considered as an abandonment of the application which was made by him within the forty days, for the grant of letters to himself.

The court erred in sustaining the demurrer to the petition.

Decree reversed, and cause remanded.