## FORRESTER *vs.* FORRESTER S ADM'RS.

[APPLICATION FOR REVOCATION OF LETTERS OF ADMINISTRATION.]

1. *Implied waiver of right of administration.*—The failure of the next of kin to apply for letters of administration within forty days after the death of the intestate is known (Code, § 1669), is an implied waiver of his right to the administration.

2. *Removal of administrator for misconduct.*—An intentional misstatement of the names of the heirs-at-law, in a petition for the sale of real estate for the purpose of division, is not such an act of "maladministration of the estate" (Code, § 1696), as authorizes the removal of an administrator.

APPEAL from the Probate Court of Tuskaloosa.

IN the matter of the estate of William Forrester. deceased, on the petition of George Forrester for the revocation of the letters of administration previously granted to William Forrester and David Spradling. The petition was filed on the 1st October, 1859, and alleged, that the intestate died on the 6th February, 1859; that letters of administration on his estate were granted to the defendants on the 24th February, 1859; that the petitioner, as the only surviving legitimate son of the intestate, was entitled to the administration as next of kin, and "filed his claim as such," after notice to the defendants, on or about the 4th April, 1859; that on the 7th May, 1859, the defendants filed in said probate court a petition, which was sworn to by them, asking an order to sell the real estate for the purpose of division among the heirs; and that in this petition the defendants falsely stated the names of the heirs-at-law, intentionally omitting the name of the present petitioner, and purposely concealing the fact that the intestate's widow was yet alive, and entitled to dower in the lands. The probate court sustained a demurrer to the petition, and its decree is now assigned as error.

W. R. SMITH, for appellant.

E. W. PECK, *contra.*

A. J. WALKER, C. J.—The petitioner must be held to have relinquished his right, as the next of kin, to the administration, because he did not apply for letters within forty days after the death of the intestate.—Code, § 1669. The petition, therefore, does not show a right to the removal of the administrators, upon the ground of the preference given by the statute to the next of kin.

[2.] The fourth subdivision of section 1696 of the Code makes "the wasting, embezzlement, or any other maladministration of the estate," a cause for the removal of an administrator. The petition shows that the administrators have made intentional misstatements in their application for the sale of the land of the estate for division, as to matters which section 1868 of the Code requires to be stated in the application. Is the making of such misstatements a "maladministration of the estate," which the fourth subdivision of section 1696 of the Code makes a ground for the removal of an administrator? The making of such misstatement is certainly an act of misconduct on the part of the representatives of an estate; but we cannot think it was intended that such an act should be embraced by the phraseology *maladministration of the estate*. If it had been so intended, every improper act of an administrator, intentionally done, would have been a cause of removal; and the entire third subdivision of section 1696, which particularizes several kinds of misconduct, would have been entirely unnecessary. We understand "maladministration of the estate" to mean acts affecting the property or assets of the estate, of which wasting and embezzlement are specimens.—*Johnson v. State*, 32 Ala. 583.

Neither of the arguments in support of the petition can be sustained, and we must affirm the judgment of the court below.