## WARD *vs.* CAMERON'S ADM'RS.

[APPLICATION FOR REVOCATION OF LETTERS OF ADMINISTRATION.]

1. *Presumption in favor of ruling of primary court.*—In a probate case, where the correctness of the ruling of the primary court depends on the proof, and the record does not purport to set out all the evidence on which the probate judge acted, the appellate court will presume that his decision was justified by the evidence.

2. *Revocation of letters of administration.*—If letters of administration are granted by the probate court, within forty days after the death of the intestate is known, in contravention of the order of preference prescribed by the statute, (Code, §§ 1668–69,) the largest creditor of the estate may proceed to obtain a revocation of such letters; but, to entitle him to make an application for that purpose, he must show that he is the largest creditor of the estate; and he cannot complain, on error, of the refusal of his application, when the record does not show that he proved that fact.

APPEAL from the Probate Court of Henry.

IN the matter of the estate of Angus Cameron, deceased, on the application of John Ward and Christopher Ward, for the revocation of letters of administration previously granted to Sarah Cameron and Richard T. Hudspeth, and the grant of letters to themselves. The refusal of the application is assigned as error.

MARTIN, BALDWIN & SAYRE, for appellants.
PUGH & BULLOCK, *contra.*

A. J. WALKER, C. J.—An application was made by the appellants, for the repeal of the letters of administration of the appellees. The parties making the motion filed a petition, which is set out in the record. In the petition they claim to be the largest creditors of the estate. The entry of the judge, overruling the petition, does not set out all the evidence which was adduced on the trial, and there is no bill of exceptions. We have, therefore,

presented the case, which has been unfortunately of very frequent occurrence, where the correctness of the ruling of the court below depends upon the proof, and we do not know what the proof was. In such case, we must presume in favor of the correctness of the judgment, and award an affirmance.—*Morgan v. Morgan*, 35 Ala. 303·; *Taylor v. McElrath, ib.* 330.; *Southern Ins. Co. v. Holcombe, ib.* 327 ; *Rupert v. Elston, ib.* 79.

[2.] It is not shown that the appellants proved that they were the largest creditors of the estate, or, indeed, that they were creditors at all. We have decided, that where an administrator was appointed within forty days, in contravention of the order of preference prescribed by the statute, the largest creditor of the estate might proceed to obtain a revocation of the administration.—*Curtis v. Williams,* 33 Ala. 570 ; *Curtis v. Burt,* 34 *ib.* 729. But, unless the petitioner was a creditor of the estate, he would have no right to move for a revocation of an irregular appointment, and no ground for complaint that the court overruled his motion. As it does not appear that the petitioners were creditors, we can not affirm that there was no sufficient reason for the action of the court.

