## SOWELL *vs.* SOWELL'S ADM'R.

[APPLICATION TO REVOKE PROBATE OF WILL AND GRANT OF LETTERS OF ADMINISTRATION.]

1. *Notice of probate.*—On an application to revoke and set aside the probate of a will, on the ground that notice was not given to the parties who were by law entitled to notice, if the record shows that the court ordered notice to be given "as the law directs," and the decree admitting the will to probate recites, that notice was given "in pursuance of law, and in strict accordance with the former order of the court" ;— these recitals, if no evidence is introduced to contradict them, will be held sufficient to sustain the probate.

2. *Waiver of right to administration, and premature grant of letters.*—A grant of letters of administration, made before the expiration of forty days from the death of the testator or intestate, (Code, §§ 1662-3, 1669,) though premature, will not be set aside on that account, on the application of a person who had a prior right to the grant of letters, when the record shows that no application for the grant of letters was made by him, or by any other person having a prior right, within the time prescribed by law.

APPEAL from the Probate Court of Dale.

IN the matter of the estate of George Sowell, deceased, on the petition of Robert G. Sowell to set aside the probate of the last will and testament of said decedent, and to revoke the letters of administration granted by said court to George N. Traywick. The petition was filed on the 10th

March, 1866, and alleged, that said decedent died on the 11th day of September, 1863, after having made and published his last will and testament, of which the petitioner and one F. D. Traywick, since deceased, were appointed the executors; that said will was propounded for probate in said court, on the 21st September, 1863, by George N. Traywick, who, in the same petition, prayed for the grant of letters of administration to himself; that said Traywick was neither a legatee or devisee under the will, nor a distributee of the decedent's estate, nor a creditor, nor in any manner interested in the estate, and had no right to propound the will for probate, and no right to apply for the grant of letters to himself; that said probate court admitted said will to probate on the 12th October, 1863, and, on the same day, granted letters of administration, with the will annexed, to said George N. Traywick; that the petitioner in this case, who was a son of the decedent, and was named in the will as one of the executors, was absent from the State, in the army of the Confederate States, when these proceedings were had in the probate court, and had no notice of them, and that he had never renounced the executorship of the will. The probate court dismissed the petition, because it was not stamped according to the provisions of the internal-revenue laws of the United States; but the decree of the probate court was reversed by this court, at its June term, 1866, and the cause was remanded.—See the case reported in 40 Ala. 243.

On the hearing at the October term, 1866, after the remandment of the cause, as the bill of exceptions in the present record shows, "the petitioner introduced in evidence the records of said court, showing all the proceedings appertaining to the probate of the will of said deceased, and the grant of letters of administration, with the will annexed, to the defendant. The order appointing a day to hear the application for probate of the will, after reciting the averments of the petition, is as follows: "It is therefore ordered by the court, that the 12th day of October, 1863, be set as a day for hearing proof of said instrument as a will; that said heirs have due notice, as the law directs; that said minors have

Sowell v. Sowell's Adm'r.

due notice, as the law directs; and that Q. L. C. Franklin be, and he is hereby, appointed to act as guardian *ad litem*, to represent and protect the minor heirs of said deceased." The order admitting the will to probate, after reciting the appearance of the applicant and the guardian *ad litem* of the infant heirs, proceeds—"And it appearing to the satisfaction of the court that notice of the said application, and of the time appointed for hearing the same, has been given in pursuance of law, and in strict accordance with the former order of this court, made and entered in the premises on the 21st September, 1863, by notice given as the law directs, and according to the former order of this court," &c. "The other proceedings in the estate, subsequent to said probate, were also in evidence," and are set out in the bill of exceptions, but require no special notice. "The petitioner objected to the allowance of those other proceedings as evidence; which objection was overruled by the court, and the petitioner excepted." Evidence was also introduced, which showed that, at the time letters of administration was granted to said Traywick, the estate of the decedent was not under the control of any adult person, and was liable to be wasted; that the petitioner was at that time absent from the State, and in the military service of the Confederate States; that at the sale of the property belonging to the estate, which was made by the administrator, under an order of the probate court, in October, 1863, most of the slaves were bid off by the petitioner, through an agent, and went into the possession of his wife under the purchase, and remained under her control until the close of the war; that the defendant still owed the estate, on account of his purchase of the slaves, several thousand dollars; and that he had expressed his satisfaction with the proceedings of the administrator, by letter and in conversation, before his petition in this case was filed. Several exceptions were reserved by the petitioner to the rulings of the court in connection with this evidence, and to the competency of some of the witnesses; but these exceptions require no particular notice.

"This being all the evidence, the court refused to grant
24

the prayer of the petitioner," and rendered the following decree: "This was a petition to set aside the probate of the will of George Sowell, deceased, heretofore made on the 12th October, 1863. It appearing to the satisfaction of the court, by the records, that notice had been given to the petitioner of the application to prove said will, who was out of the State, in the service of the Confederate States; he being regarded as a non-resident, under the act of the general assembly of 1862; said notice having been given by posting notices at the court-house and three other public places in said county, (it being officially known to the court that said notice was given,) there being no newspaper published in this county at that time; and it being further shown to the court that said petitioner made no complaint of said probate, and has expressed himself as glad that the defendant had taken charge of the decedent's estate, about or soon after said probate of said will, and had purchased, or assented to the purchase of property, to-wit, negroes, at the sale of said decedent, which negroes were held by him until they were set free by the authority of the United States, and *is still due* some six thousand dollars on said purchase,—it is therefore considered by the court, that said application to set aside the probate of said will be refused; and upon the application of said petitioner for the revocation of letters of administration granted to said George N. Traywick, it is considered by the court, that said application be also refused, because said petitioner has stood by, and assented to the action of said administrator, and purchased property, and has waited an unreasonable time for making said application; no evidence appearing that there had been a mal-administration of said estate in the hands of said administrator, and it appearing that said administrator was a brother-in-law of said decedent."

The decree of the court dismissing the petition, and the other rulings to which exceptions were reserved by the petitioner, are now assigned as error.

W. C. OATES, for the appellant.
MARTIN & SAYRE, *contra.*

Sowell v. Sowell's Adm'r.

JUDGE, J.—This case was before this court, at the June term, 1866, and was then, necessarily, considered and determined upon the allegations of the petition alone. Now, it is presented in a different aspect, the record showing that the decision of the court below was based upon evidence, which is fully exhibited.

It is the well-settled law of this State, that when a will is admitted to probate, without notice having been given to those who are entitled to notice, the probate will be set aside, on their application to the court. Was the appellant in this case, as one of the heirs of George Sowell, deceased, notified, as the law directs, of the application to admit to probate the will of the latter? The appellant was in the military service of the Confederate States, at the time of the application. A statute was of force at that date, which provided, that all persons absent from the State, in the army of the Confederate States, might be made parties by courts of probate, in all applications to probate wills, and for the granting of letters of administration, by publication in a newspaper, as in cases of non-residents.—Acts, 1862, p. 72. On the application for the probate of this will, the court ordered, that the appellant, together with the other heirs of the decedent, have due notice of the application, and of the day set for the hearing, "as the law directs"; and in the proceedings of the court admitting the will to probate it is recited, that notice had been given to the appellant, and to the other heirs, of the application, and of the time appointed for hearing the same, "in pursuance of law, and in strict accordance with the former order of the court." No evidence was adduced by the appellant on the hearing of his petition in this case, controverting the truth of these recitals of the record; and in the absence of evidence showing their incorrectness, they are conclusive against him. The probate court has original, general, and unlimited jurisdiction over the probate of wills; and every reasonable intendment will be made to sustain its decrees, entered in the exercise of such jurisdiction.—*McGrews v. McGrews,* 1 Stew. & Por. 30; *Apperson v. Cottrell,* 3 Por. 51; *Johnson v. Glasscock,* 2 Ala. 218; *Ikelheimer v. Chapman,* 32 Ala. 676; *Gray's Adm'r v. Cruise,* 36 Ala. 559. It re-

sults, that the court below did not err, in refusing to set aside the probate of the will.

2. The appellant prays in his petition, not only that the probate of the will may be set aside, but that the appellee may be compelled " to deliver up his letters of administration for cancellation and repeal"; and it is contended, that the court below should, at least, have revoked the letters of administration granted to the appellee, because they had been prematurely granted. If the petition, as it stands, will authorize the presentation of this as a distinct question; still, it is a sufficient answer to it to say, that no person named as executor in the will applied for letters testamentary within thirty days of the probate thereof, (Code, § 1663,) and that no person, entitled to letters of administration with the will annexed, on such failure, made application for the same within the time prescribed by the Code; and hence, under the previous adjudications of this court, all such persons must be held to have relinquished their right to the administration.— *Curtis v. Williams*, 33 Ala. 570; *Forrester v. Forrester's Adm'rs*, 37 Ala. 398. Whether or not the letters to appellee were prematurely or improvidently issued, or whether the court should not, under the circumstances, have appointed a special, instead of a general administrator, are questions which the appellant is not in a situation to raise.

Let the judgment of the probate court be affirmed.