# Davis *v.* Swearingen.

56  31
f128 418

### *Contest as to Right to Grant of Letters of Administration.*

1. *Grant of letters of administration, after waiver of preferred rights; presumption in favor of judgment.*—When the right to letters of administration has been forfeited by all the persons to whom, in succession, a preference is given by the statute (Rev. Code, §§ 1986-7), the Probate Court is clothed with a large and liberal discretion in the matter of the appointment; and all reasonable intendments being made in favor of the regularity of the appointment, it is not necessary that the record shall affirmatively show the superior qualifications of the person appointed over the contesting applicant.

APPEAL from the Probate Court of Wilcox.

In the matter of the estate of Martin Van Swearingen, deceased, on the petitions of L. M. Davis and Eli Swearingen, respectively, for the grant of letters of administration. The decedent died, intestate, in 1870; and nó letters of administration were ever granted on his estate prior to the applications of the parties in this case. The petition of L. M. Davis was filed on the 16th June, 1876, and asked the grant of letters to himself, on the ground that he was the largest creditor of the estate. The petition of Eli Swearingen was filed on the 27th June, 1876, and asked the grant of letters to himself, on the ground that he was the only brother, heir-at-law, and next of kin of the deceased. The two petitions were heard together by consent. The court overruled a demurrer to the petition of Swearingen, and, on the evidence adduced, granted letters of administration to him. Exceptions were reserved by Davis to these rulings of the court, and also to the refusal of the court to grant letters to him, and to several rulings on questions of evidence; and these several matters are now assigned as error.

S. J. CUMMING, for appellant.

STONE, J.—More than five years elapsed between the death of Martin Van Swearingen, in 1870, and the application of either of the contestants to be appointed his administrator. This being the case, no one could claim the legal right to be preferred as the appointee.—Rev. Code, §§ 1986, 1987; *Curtis v. Burt,* 34 Ala. 729; *Curtis v. Williams,* 33 Ala. 570; *Forrester v. Forrester,* 37 Ala. 398. Even if prior statutory rights could be respected in this case, Swearingen, being next of kin to decedent, would be preferred to Davis,

who, at most, was only a creditor.—Rev. Code, § 1986.   No one having the statutory right to be preferred in the appointment, the Probate Court is clothed with a large and liberal discretion in the matter of the appointment.   In this service, he exercises a general and exclusive jurisdiction; and all intendments are indulged in favor of regularity, which are accorded to other general jurisdictions.   Petition for administration, although certainly a desirable practice, is not a necessary pre-requisite to the validity of an appointment. Whenever administration is granted, this is *prima facie* evidence of all precedent facts to give the court jurisdiction.— *Sims v. Boynton*, 32 Ala. 353; *Ikelheimer v. Chapman*, Ib. 676; *Gray v. Cruise*, 36 Ala. 559; *Coltart v. Allen*, 40 Ala. 155; *Eslava v. Elliott*, 5 Ala. 264.   Under these rules, we presume the existence of everything necessary to give validity to the appointment, which the record does not contradict.   There is nothing in the record which shows that Swearingen, the appointee, was wanting in any of the qualifications for the trust; and in appointing him to the exclusion of Davis, the judge of probate, so far as we are informed, only exercised the discriminating discretion, with which the law has clothed him.—See *Davis v. Swearingen*, at the present December term.

The decree of the Probate Court is affirmed.