# Koger *v.* Franklin.

*Application for Revocation of Letters of Administration.*

1. *Revocation of administration improvidently granted.*—When letters of administration have been granted improvidently, or irregularly, the court granting has inherent power to revoke them, either *ex mero motu*, or on application of any person in interest.

2. *Grant of administration by probate judge to his son, and revocation thereof.*—A grant of letters of administration by a probate judge to his own son, though irregular, erroneous, and voidable, is not absolutely void; and it may be revoked, on the application of any person having an interest, by the register in chancery, sitting as probate judge *pro hac vice*.

APPEAL from the Probate Court of DeKalb.

Heard before the Hon. THOS. H. SMITH, Register in Chancery, sitting as Probate Judge.

In the matter of the petition of Sarah and Margaret Koger, minors, by their next friend, asking the revocation of letters of administration on the estate of Elijah Bouldin, deceased, granted by the Probate Court of said county, on the 10th July, 1885, to A. G. Franklin, by virtue of his office as sheriff of the county. The petitioners were grandchildren of said Elijah Bouldin, and heirs at law and distributees of his estate. Their

[Koger v. Franklin.]

petition was filed on the 28th December, 1885, and asked the revocation of said grant of administration because Hon. JOHN N. FRANKLIN, the judge of probate by whom it was made, was the father of said A. G. Franklin; and the petition was addressed to the register in chancery, sitting *pro hac vice* as the judge of probate, on account of the incompetency of the latter by reason of relationship. On the hearing, as the decree recites, the petitioners proved that said A. G. Franklin was, at the time of his appointment, neither an heir or distributee of the decedent's estate, nor a creditor, and that the appointment was made more than forty days after the death of the decedent; and the fact of relationship was admitted. On these facts, the court overruled and dismissed the petition; and this decree is now assigned as error.

L. A. DOBBS, M. W. HOWARD, and HEFLIN, BOWDEN & KNOX, for appellants, cited *Claunch v. Castleberry*, 23 Ala. 85; *Wilson v. Wilson*, 36 Ala. 655; *Jennings v. Moses*, 38 Ala. 402; *Bean v. Chapman*, 73 Ala. 140.

SOMERVILLE, J.—Where letters of administration on an estate have been granted irregularly, or improvidently, the Probate Court has the inherent power to revoke them, either *ex mero motu*, or on application duly made by any party in interest.— *Watson v. Glover*, 77 Ala. 323; *Broughton v. Bradley*, 34 Ala. 694; *Curtis v. Williams*, 33 Ala. 570.

The letters of administration sought to be revoked in this case were granted by the probate judge of DeKalb county to the appellee, who is shown by the evidence to be his son. It is insisted that the grant is voidable, if not absolutely void, and that it should have been revoked by the register in chancery, acting under the statute, *pro hac vice*, as probate judge, in view of the latter's disqualification to act in the premises.

The Code expressly provides, that no judge of any court "must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, or in which he has been of counsel, without the consent of the parties entered of record, or put in writing if the court is not of record."—Code, 1876, § 540; Const. 1875, Art. VI, § 18.

In the earlier decisions of this court it was held, that the action of any judge in a matter where he was interested, other than orders which are merely formal, was *coram non judice*, and therefore absolutely void, so as to be assailable on collateral attack.—*State v. Casteberry*, 23 Ala. 85; *Wilson v. Wilson*, 36 Ala. 655. In the later decisions, however, it is held that such action is voidable only, and not strictly void.—*Hine v,*

[Sermon v. Black.]

*Hussey*, 45 Ala. 496 ; *Hayes v. Collier*, 47 Ala. 726. In *Heydenfeldt v. Towns*, 27 Ala. 423, a questionable distinction is made between cases where a judge is rendered incompetent by statutory inhibition, and those where he is disqualified because of interest under the rules of the common law. In the former, his action is said to be void, and in the latter only voidable.—Freeman on Judg. (3d Ed.) §§ 144–146. In *Plowman v. Henderson*, 59 Ala. 559, the probate judge, as in the present case, had appointed his son to be administrator of an estate ; and the effort was made by a surety on the administrator's bond, against whom a judgment had been rendered, to assail the appointment collaterally as void. It was held that the action of the judge was manifestly improper, but was not void. It was observed, that "the judge stripped himself, by the appointment, of jurisdiction of every proceeding in the course of the administration which could be regarded as adversary, and not merely formal. It is not contemplated by the law," said Brickell, C. J., "that a judge shall, of his mere volition, thus divest himself of power and duty."

In this case we hold, that the grant of the letters of administration to the appellee was a voidable act, not only improper but erroneous, and that it should have been revoked on motion of the appellants, who are shown to be parties in interest, whose rights are liable to be prejudiced by the disqualification of the probate judge to sit in all matters pertaining to the settlement of the estate, other than those which are merely formal.

The judgment is reversed, and a judgment will be entered in this court revoking the letters, and setting aside the order of the court appointing the appellee administrator of the estate of Elijah Bouldin, deceased. The costs of this appeal will be taxed against the appellee.