# Markland v. Albes.

*Petition for Revocation and Grant of Letters of Administration.*

1. *Premature grant of administration; waiver of prior right.*—A grant of administration within forty days after the death of the intestate, to a person who has not a preferred right, is premature (Code, §§ 2350–51); but it will not be revoked on that account, at the instance of a person who had a prior right, but who does not make his application until after the expiration of forty days, his prior right being thereby relinquished.

2. *When bill of exceptions must be signed.*—A bill of exceptions must appear on its face to have been signed in term time, or afterwards by agreement (Code, § 3113); and this does not appear, in a probate case, where the decree was rendered on the 17th January, 1887, and the bill of exceptions was signed on the 19th January.

3. *When bill of exceptions is necessary.*—On application for a grant of administration, and the revocation of a former grant as premature, a demurrer being sustained to the petition, a bill of exceptions is necessary to enable this court to revise the refusal to allow an amendment of the petition.

APPEAL from the Probate Court of Cullman.

Heard before the Hon. ASA B. HAYS.

Sarah Moore died intestate at Cullman, Alabama, October 4, 1886. The appellee, Charles Albes, filed a petition in the Probate Court of Cullman county, October 30, 1886, for letters of administration on the estate of said decedent, alleging as the ground for *his* appointment, that "none of the heirs reside in this State (Alabama), and that he (Albes) was the husband of a sister of decedent." On this petition letters were issued to appellee November 1, 1886. The appellant, George G. Markland, on December 17, 1886, filed a petition in said court for the grant of letters of administration on said estate to him, and for the revocation and cancellation of the letters issued to appellee. This petition, among other things, set forth that the intestate died October 4, 1886; that the appellant was a resident of the State of Alabama, and one of the next akin of the intestate entitled to share in the distribution of her estate; that the letters granted to appellee were "prematurely issued," and at the

28

date of their issuance, November 1, 1886, the said court was "without jurisdiction" to issue them.

The appellee demurred to this petition on the following grounds : "1. Said petition shows on its face that said Sarah Moore died intestate October 4, 1886, and said petition was filed December 17, 1886. 2. The petition of Charles Albes for letters of administration, and the facts therein recited, gave the said Probate Court jurisdiction of this matter. 3. Said Markland has relinquished his right of administration by failure to apply for letters of administration within forty days after the death of the intestate was known. 4. There is no allegation in said petition of any statutory ground for the removal of said administrator, or for the revocation of the letters of administration heretofore granted him." The court sustained the demurrer and the petitioner excepted. The petitioner moved to amend the petition "so as to meet the grounds of demurrer ;" the court overruled the motion and petitioner excepted. The court, in its final order, rendered January 17, 1887, dismissed the petition. The foregoing exceptions by the petitioner to adverse rulings of the court appear in the record and in a bill of exceptions. This bill of exceptions concludes as follows : "Tendered and approved this 19th day of January, 1887, as witness my hand. A. B. Hays, Judge of Probate Court, Cullman county, Alabama."

The appellee here moves to strike the bill of exceptions from the record, because it did not appear to have been signed in term time.

W. T. L. COFER, for appellant, cited *Dunham v. Roberts*, 27 Ala. 701 ; *Curtis v. Williams*, 33 *ib.* 570 ; *Mullamply v. County Court*, 6 Mo. 563 ; 1 Williams' Executors, 479 ; *Mills v. Carter*, 8 Blackf. ; *Ray v. Segrist*, 19 Ala. 813 ; Code of 1876, §§ 2377, 3957.

PARKER & BROWN, *contra.*—1. It does not appear that the bill of exceptions was signed in term time.—*Seal v. Chambliss*, 35 Ala. 19 ; *Bryant v. State*, 36 *ib.* 270 ; *Alford v. Eubanks*, 44 *ib.* 276 ; 37 *ib.* 314 ; 47 *ib.* 696. 2. On the other points, the following cases cited : *Sims v. Boynton*, 32 Ala. 353 ; *Forrester v. Forrester*, 37 *ib.* 398 ; *Sewell v. Sewell*, 41 *ib.* 359 ; 33 *ib.* 570 ; 34 *ib.* 729 ; 43 *ib.* 144 ; 45 *ib.* 516 ;· 46 *ib.* 299 ; 34 *ib.* 305 ; 77 *ib.* 528.

SOMERVILLE, J.—1. The petition of the appellant, praying for the revocation of the letters of administration granted to the appellee, and for his own appointment as ad-

[Brewer v. Ernest.]

ministrator of Mrs. Moore's estate, was properly dismissed. Admitting that the letters first granted were premature, and that the appellant had a prior right to administration, he nevertheless waived such right by allowing forty days from the death of the intestate to expire without asserting it by application to the Probate Court for the appointment. After the lapse of this statutory period no one has a right to claim any priority or preferences to such appointment, those entitled being declared by the statute expressly to have "relinquished their right to the administration," by having failed to apply for it.—Code, 1876, §§ 2350–2351; *Cunningham v. Thomas*, 59 Ala. 158; *Davis v. Swearinger*, 56 Ala. 31; *Sowell v. Sowell*, 41 Ala. 359; *Forrester v. Forrester*, 37 Ala. 398.

The demurrer was properly sustained, and there is no error in the judgment of the court dismissing the petition.

2. The motion to strike the bill of exceptions from the record must be sustained, it not appearing that it was signed by the judge in term time, or that there was consent or agreement of counsel authorizing it to be signed after adjournment.—Code, 1876, § 3113; *Wood v. Brown*, 8 Ala. 563; *Union India Rubber Co. v. Mitchell*, 37 Ala. 314; *Pearce v. Clements*, 73 Ala. 256.

3. Without the aid of a bill of exceptions, the rulings of the court, refusing to allow the petition to be amended, can not be reviewed in this court, as has been often and uniformly held.—*Bright v. State*, 76 Ala. 96, and cases cited.

Affirmed.