# Wheat v. Fuller.

*Contested Application for Grant of Letters of Administration.*

1. *Want of assets, as objection to grant of administration.*—The fact that there are no assets subject to administration, or none above exemptions, is no good reason for refusing to grant letters of administration; though, if administration was in fact unnecessary, a question might arise as to the personal liability of the administrator for the costs of administration.

2. *Waiver of right to grant of letters.*—If the person named as executor in the will, or the widow, to whom a preference is given by statute (Code, §§ 2545, 2350; Sess. Acts 1878-9, p. 59), fails to make application for a grant of letters within the time allowed by law, the prior right is waived and lost, and can not be afterwards asserted against an application by a creditor.

3. *Presumption in favor of grant*—When letters of administration are granted to a creditor, against objections filed by the widow and children, the record not showing when the will was admitted to probate, and the objection not being made that the application was prematurely made, it will be presumed on appeal, in favor of the judgment, that the will had been probated more than thirty days; and it will be presumed that the appointee is a suitable person, when the record does not show the contrary.

APPEAL from the Probate Court of Cullman.

Heard before the Hon. A. B. HAYS.

In the matter of the application of S. L. Fuller for the grant to him of letters of administration, with the will annexed, on the estate of John M. Wheat, deceased, on the ground that he was the largest creditor of the estate. The application was resisted by the widow and children, who denied that the petitioner was a creditor at all; and a counter petition for the grant of letters was filed by the widow, who was named as executrix in the will. The court granted letters to said Fuller, and its decree is here assigned as error, with rulings on the pleadings.

W. T. L. COFER, for appellants.

GEORGE H. PARKER, *contra.*

[Wheat v. Fuller.]

STONE, C. J.—John M. Wheat died in January, 1886, a resident at the time of Cullman county, and leaving a last will and testament, of which he named his wife, Susan B. Wheat, to be executrix. The will was subsequently probated, but the date of the probate is not given. In October, 1886,—nine months after Wheat died—Fuller, setting forth that he was the largest creditor, and held a note made by testator, containing a waiver of exemptions, prayed to be appointed administrator. The appointment, though made, was resisted by the widow and children of testator, on various grounds. *First*, that there were no assets above exemptions, or subject to administration. This, if true, furnished no ground for withholding administration.— *Watson v. Collins*, 37 Ala. 587 ; *Bell v. Hall*, 76 Ala. 546. It is objected in the next place, that the widow, who made application for appointment pending Fuller's application, was entitled to be preferred in the appointment, for two reasons : first, she was named executrix in the will; and, second, the law gave her the first right. If the executor fails to apply for appointment within thirty days after the probate of the will, or if the widow fails to apply for administration within forty days after decedent's death is known, this is a surrender and renunciation of all preference the statute confers.—Code of 1876, §§ 2345 2350, as amended by act approved February 13, 1879 ; Acts Ala. 1878–79, p. 59 ; *Curtis v. Burt*, 34 Ala. 729 ; *Forrester v. Forrester*, 37 Ala. 398; *Sowell v. Sowell*, 41 Ala. 359.

If it be objected, that it does not appear in this record that thirty days had elapsed after the probate of the will, before Fuller filed his petition for appointment, the answer is—first, that very many exceptions were filed in opposition to his appointment, and that is not one of them ; second, the Probate Court, in the matter of appointing personal representatives, is clothed with general jurisdiction, and the appointment of Fuller was and is a judicial ascertainment and assertion that *prima facie* there was no legal impediment to his appointment.—*Davis v. Swearingen*, 56 Ala. 31 ; s. c., *Ib*. 539 ; *Barclift v. Treece*, 77 Ala. 528.

It is not shown in this record that any one had the statutory preferred right to claim the administration. In such case, appointment by the Probate Court raises the presumption that the appointee is a suitable person. There is nothing in this record to overturn that presumption.

If there are not assets of the estate that are not embraced in the exemptions, it would seem that no administration was necessary, and it may become a question whether the costs of administration will fall on the administrator

[DeBardelaben v. Stoudenmire.]

personally.—*Owens v. Childs,* 58 Ala. 113. If, however, there is a debt, with waiver of exemptions, a different principle may govern.—*Bell v. Hall, supra.*

Affirmed.