185 So. 380

### STARLIN v. LOVE.
### 4 Div. 17.

Supreme Court of Alabama.

Dec. 22, 1938.

Duke & Duke and T. W. Starlin, all of Opelika, and W. R. Belcher, of Phenix City, for appellant.

J. W. Brassell and Roy L. Smith, both of Phenix City, for appellee.

FOSTER, Justice.

This is an appeal from a decree of the probate court revoking letters of administration which that court had granted to appellant on the estate of Ernest H. Floyd, deceased. He died December 21, 1937. A petition for letters by appellant was filed December 27, 1937, which was within forty days after his death. Appellant was not within subdivision (1) or (2) of section 5742, Code, being neither (1) the husband or widow, nor (2) the next of kin entitled to share in the distribution of the estate. But he was a second cousin, and there were in existence several first cousins, who were the next of kin. He filed with his petition a waiver of right to appointment by two of the first cousins and several second cousins. But there were other first cousins who did not sign a waiver and who had priority over appellant under the statute cited above if they were not disqualified. All except one were non-residents of Alabama. One of them, a non-resident, is the appellee here. On January 24, 1938, which was within the forty days during which his priority extended under section 5744, Code, he filed his petition in the probate court which had issued the letters, seeking a revocation of them on the sole ground that appellant had no prior right, and that without such they were prematurely issued to him.

This petition was heard, and there was no dispute as to the facts.

But appellant urged two reasons why it should not be granted: (1) That neither in the petition to revoke nor otherwise within the forty days under the statute did appellee seek to be appointed himself as one in priority, nor did anyone else so situated do so, though he did file his petition to revoke within forty days, and by an amendment to it filed more than forty days thereafter prayed for the appointment of himself. (2) The second reason urged by appellant was that appellee, who is the sole party complaining of the appointment, was a non-resident of Alabama.

The decree of the court which revoked the letters to appellant further adjudged and decreed that the part of the petition of appellee seeking the appointment of himself be denied because he is a non-resident of the state of Alabama, reserving all other questions.

The authorities agree that one with priority of right to the appointment cannot cause to be revoked letters which were issued within the forty day period of priority unless within that time he took the necessary steps to preserve it so as not to waive it under section 5744, Code. Curtis v. Burt, 34 Ala. 729; Ward v. Cameron's Adm'rs, 37 Ala. 691, 695; Sowell v. Sowell's Adm'r, 41 Ala. 359; Markland v. Albes, 81 Ala. 433, 2 So. 123; Childs v. Davis, 172 Ala. 266, 55 So. 540; Garrett v. Harrison, 201 Ala. 186, 77 So. 712; Castleberry v. Hollingsworth, 215 Ala. 445, 111 So. 35.

Appellee, though he filed his petition for revocation within forty days, which may be sufficient to preserve his prior right though he did not expressly pray for his own appointment, except by an amendment made after forty days, is not in the preferred class or in any other, for he is wholly disqualified to be administrator at all under section 5730, Code, which prohibits the appointment of a non-resident.

But, of course, being an interested person in the estate, he would have a right to have letters revoked if they were issued to an unfit or disqualified person under section 5730, Code. No such claim is here made. The only claim is that appellant was prematurely appointed within forty days, when no one qualified to act who has such priority is claiming the right or made such claim within that period. So that it is

perfectly clear that there would have been no error in denying the petition to revoke.

But it is insisted that since the appointment was premature the probate court had the power to revoke the letters either ex mero motu or on the petition of an interested party, and that, since this was done and was within the right of the probate court, appellant has no legal cause to complain.

It is well settled that the probate court can revoke letters so issued when it is improvidently done by him, or for other sufficient cause. This is usually where the person so appointed was disqualified, or when a will is afterwards produced and proven. Watson v. Glover, 77 Ala. 323; Broughton v. Bradley, 34 Ala. 694, 73 Am. Dec. 474. See Koger v. Franklin, 79 Ala. 505; 23 Corpus Juris 1103, section 278. This is also true when the appointment is made within forty days to one not in the right of priority; but this has never been done except where one with such right has within that time sought to make it available, and to have the appointment of himself made instead of the one so prematurely appointed. Curtis v. Williams, 33 Ala. 570. In that case a petition was filed within forty days by one of a preferred class.

And in Brown v. Brown, 204 Ala. 157, 85 So. 439, referring to such inherent right, the Court had appointed the father of deceased as administrator, when he left a widow who was a non-resident. The law then did not disqualify a non-resident. The appointment of the father was revoked and the widow was granted letters. No question of a waiver of the prior right was treated.

But appellant insists that since the appointment was premature, it could be vacated by the court, and that it was proper to do so for the purpose of having an original investigation made as to the most suitable person, and that on such investigation the court will appoint some one in the preferred class, though such preference as a right has terminated.

The question as to who was most suitable for appointment has arisen only when there was a contest for it by two or more making such claim. That was the case of McFry v. Casey, 211 Ala. 649, 101 So. 449, and Davis v. Swearingen, 56 Ala. 539, cited on that point.

Those cases are not applicable here, where the only impropriety was the appointment of appellant within forty days when others had a prior right within that time. But none of such others who are qualified to act are seeking a revocation. The appointment was not void, but only revocable at the suit of one in priority pursued in the forty days.

In the case of Carpigiani v. Hall, 172 Ala. 287, 55 So. 248, Ann.Cas.1913D, 651, a subject of Italy died in Jefferson County. Two persons were appointed administrators. Within the forty days a consular agent of Italy in Birmingham filed a petition seeking revocation of the letters and for issuance of them to himself. He alleged that the persons so appointed were fraudulently seeking to appropriate the estate, and one of them was in no way related to deceased, whose close relatives resided in Italy. The question was on demurrer to the petition. The court referred to the fact that the probate court had the inherent right to revoke the grant ex mero motu. It also held that the consular agent was entitled by supreme law to administer. So that here was an unfit person on the one hand and one with right under supreme law on the other, who also sought to come in within forty days.

While the court has an inherent right to revoke letters, that right is within the limit of certain bounds, and must be for cause. 11 R.C.L. 96, section 95. It can only be done when some other person has a prior right either under a will or the law, and has not waived that right and is seeking to enforce it, or when the person appointed is unfit or disqualified.

The appointment of a person not unfit or disqualified should not be revoked either ex mero motu or on application though within the forty day period except to preserve the statutory or other legal priority. An arbitrary exercise of the power would be subject to review by the aggrieved party, though such power is inherent, for it cannot be exercised without cause. The failure to enforce the priorities of the statute is no cause except at the instance of one in prior right, not disqualified, and seasonably presented.

We think the court was in error in revoking letters of administration to appellant for the cause set forth in the petition. It is therefore reversed and a decree here rendered denying and dismissing the petition of appellee.

Reversed and rendered.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.