# Fields v. Woods.

*Petition for Revocation of Letters.*

(Decided January 14, 1915. 67 South. 1016.)

1. *Executors and Administrators; Revocation of Letters; Petition.*—One petitioning for the revocation of letters of administration on the ground that the appointee was not entitled thereto, can join in the same petition a prayer for her own appointment as such.

2. *Same.*—Where it is shown that one claiming to be the widow of intestate had been previously married to another, who was still living, and there was no evidence that she had been divorced, the appointment of such one as administratrix should be revoked.

3. *Same; Qualification; Persons Entitled to Object.*—One whose appointment was revoked because she was not the lawful wife of the

intestate, cannot introduce evidence in the proceeding affecting the reputation of the person petitioning for revocation of the former appointment and praying for the appointment of herself, since, if the first appointee was not the widow of the intestate, she has no interest in the estate, or in the qualification of the person petitioning for letters of administration.

APPEAL from Fayette Probate Court.

Heard before Hon. E. P. GOODWYN.

Petition by Beatrice Woods for the revocation of letters of administration theretofore issued to Zoray Fields, upon the estate of Dock Fields, deceased, and for the appointment of petitioner as administratrix of such estate. From a decree granting prayer for relief, Zoray Fields appeals. Affirmed.

J. M. HOLLIMAN, E. L. ALL, and J. A. SIMPSON, for appellant.

McNEIL & MONROE, for appellee.

McCLELLAN, J.—This is an appeal from the order of the probate court of the county of Fayette, revoking letters of administration issued to Zoray Fields (Cooper), appellant, on the estate of Dock Fields, deceased. The petition leading to this action was filed by Beatrice Woods. She was therein alleged to be and was conclusively shown to be a niece and of next kin, through her mother, who had died, of Dock Fields, deceased.

(1) In the petition for revocation of the letters issued to appellant, there was incorporated a prayer that she (Beatrice) be.appointed administratrix of Dock Fields' estate. It is insisted here, as upon objection to the petition taken in and denied by the court below, that the blending in one petition of allegations and prayers for revocation of letters of administration and for the issuance of letters of administration to the petitioner effects the improper joinder of a double purpose. The

question thus made was, in effect, decided adversely to appellant in *Curtis v. Williams,* 33 Ala. 570. There is no inconsistent or complicating status made by such joinder in petitions of this kind. The correct practice is that pursued in this instance.

(2) The controlling issue was one of fact, viz., whether Zoray was the lawful wife of Dock Fields at the time he died. Zoray had alleged, in her petition for appointment as administratrix of Dock Fields' estate, that she was his surviving widow, and upon that allegation letters of administration were issued to her. Her appointment was effected before the expiration of 40 days from the date of Dock Fields' death. If she was not his widow, manifestly her appointment was improvident, and due to be revoked.

If it were assumed (but for the occasion only) that the trial court erred in every ruling on the evidence made the subject of assignments 2 to 7, inclusive, the result on this appeal would not be changed, because the undisputed legal testimony conclusively established the fact that Zoray was lawfully married to one Cooper in the state of Mississippi in August of the year 1906. —*Bynon v. State,* 117 Ala. 80, 82, 23 South. 640, 67 Am. St. Rep. 163. There was no evidence tending to show a lawful dissolution of the bonds of matrimony binding Zoray to Cooper in consequence of that marriage. It was not shown that Cooper had since died. Indeed, by legal evidence, he was shown to have been living at a recent date, in another state. His mere separation from Zoray did not, of course, dissolve their union. Being Cooper's wife, she could not have been Dock Fields' wife, or his widow upon his death. Her illicit relations with Dock Fields could not contribute to give her a better standing in respect of the matter under consideration.

(3) The last assignment of error is based upon the court's action, in declining to allow counsel for Zoray to show the bad repute of Beatrice for chastity. If Zoray was not the widow of Dock Fields, and hence improvidently appointed the administratrix of his estate, she was without interest or concern in Beatrice's qualification (if such the stated matter would tend to affect) as her successor.

There is no prejudicial error in the record. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.