years next preceding the filing of this bill, and that she had been a bona fide resident of the state during that entire time. The amendment was by adding paragraph 4, which alleged that said R. L. Barrington did, more than two years next preceding the filing of this bill, voluntarily abandon the bed and board of this complainant. Motion was made to strike this amendment because it states an entirely new cause of action, works a departure, and is inconsistent and repugnant to the case made by the original bill. The cases cited by appellant are Ex parte A. C. L. R. R. Co., 190 Ala. 132, 67 South. 256; 1 Bish. on Marriage and Divorce, 101; Rapier v. Gulf City Paper Co., 69 Ala. 481; Winston v. Mitchell, 93 Ala. 559, 9 South. 551; Truss v. Miller, 116 Ala. 504, 22 South. 863; N. C. & St. L. v. Garth, 155 Ala. 311, 46 South. 583.

T. J. Dowdell, of Montgomery, for appellant. Tilley & Elmore, of Montgomery, for appellee.

ANDERSON, C. J. [1, 2] The complainant had the right to amend her bill at any time before final decree. Section 3126 of the Code of 1907. The amendment was not inconsistent with or repugnant to the original bill as it sought the identical relief as the original bill, but if it sought inconsistent relief in the alternative, it would not be demurrable, if it arose out of the same transaction or subject-matter or related to the same property between the same parties. Section 3095 of the Code of 1907. Durr v. Hanover Bank, 170 Ala. 260, 53 South. 1012. The cases cited by appellant's counsel are in no sense contrary to the present holding, or were decided previous to our present statute authorizing inconsistent relief.

The decree of the circuit court is affirmed. Affirmed.

McCLELLAN, GARDNER, and THOMAS, JJ., concur.

---

(77 South. 712)

GARRETT v. HARRISON et al.   (6 Div. 703.)

(Supreme Court of Alabama.   Jan. 17, 1918.)

1. EXECUTORS AND ADMINISTRATORS ⬅⬆19— RIGHT TO LETTERS—WAIVER.

Under Code 1907, §§ 2520, 2522, a widow waives her preferential right to issuance of letters of administrator by not applying for letters within 40 days after intestate's death.

2. EXECUTORS AND ADMINISTRATORS ⬅⬆29(4) —PREMATURE APPOINTMENT—RIGHT TO OBJECT.

A widow who has waived her preferential right to letters of administration by not seasonably applying therefor cannot complain of mere prematurity of issuance thereof to another.

3. EXECUTORS AND ADMINISTRATORS ⬅⬆35 (8½)—PETITION FOR REMOVAL—RATIFICATION OF ACTS.

Allegations of petition for removal of administrator, that he before his appointment settled a claim for death of intestate, and that the settlement was the product of fraud, cannot avail petitioner; the petition manifesting a ratification of the settlement by claiming the amount thereof and by asking that he be compelled to pay it into court.

4. PLEADING ⬅⬆8(15)—FRAUD—GENERAL ALLEGATIONS—CONCLUSION.

As an averment of fraud, a general allegation of fraudulent purpose in a petition for removal of administrator is insufficient, being a mere conclusion.

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Petition of Nettie Garrett for the removal of F. J. Harrison and another as administrators of the estate of Will Garrett, deceased. From a decree sustaining demurrers to the petition, petitioner appeals. Affirmed.

The petitioner alleges:

That she is the lawful wife of Will Garrett, and that Harrison was appointed administrator less than 40 days after the death of decedent without the knowledge, procurement, or consent of petitioner; that she had no knowledge of the death of decedent until he had been dead more than 40 days; that she did not waive her right to preference as given her under the law to administer on said estate, within 40 days from the date of the death of deceased, nor did she consent that said F. J. Harrison be appointed as such administrator; that Harrison was guilty of fraud and misrepresentation in the procurement of the letters, in this, that in his petition for said letters he sets up under oath that one Fleeta Garrett was the widow of Will Garrett, and that the said Harrison was the brother-in-law of said Will Garrett, and that there were no other heirs of the distributees of the estate other than those named in his petition, all of which averments petitioner says are false, untrue, and fraudulent misrepresentations; that said letters were issued prematurely and improvidently for the above reasons, and for the further reason that there was no renunciation of the rights of preference to such letters by your petitioner, who was primarily entitled to the letters, and for the further reason that the application and administration of the estate by the said Harrison was not for the benefit of the estate or the heirs of the decedent, but was for the fraudulent purpose of appropriating funds of the said estate to their own use, and petitioner avers that neither Harrison nor Fleeta Garrett is related to said Will Garrett in any way, nor are they creditors of deceased, and petitioner shows that in a part of the petition of the said Harrison and Garrett for letters, they aver that the claim against the Tennessee Coal, Iron & Railway Company, for damages arising out of the death of said decedent, had been settled by collusion and fraud by the said Harrison for the sum of $978.12 prior to the date of the filing of that petition, and prior to and without any authority of law for making settlement of said claim, all of which petitioner avers was in furtherance of and for the purpose of appropriating the funds for their own use.

The demurrers are that the petition fails to show that the petitioner made application for letters within 40 days from the death of decedent, and it fails to show any ground authorizing the removal of J. L. Harrison, and the third ground is that the alleged fraud is not set out with sufficient certainty.

Perry & Mims and G. P. Benton, all of Bessemer, for appellant. J. L. Drennen, of Birmingham, for appellees.

---

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McCLELLAN, J. Will Jarrett, or Garrett, died in Jefferson county on April 1, 1917. On a petition for letters of administration, filed in the probate court of Jefferson county on April 25, 1917, by F. J. Harrison and Fleeta Jarrett, letters of administration on the estate of the intestate were ordered issued to F. J. Harrison. The petition of Harrison and Jarrett alleged that the petitioner Fleeta Jarrett was the surviving widow; that the intestate had no children; that the petitioner Harrison was the brother-in-law of the intestate.

In September, 1917, the appellant, Nettie Garrett, filed her petition wherein she sought to have Harrison removed as administrator, the letters granted to him revoked, and to effect the appointment of Nettie as administratrix of the estate of the intestate. The allegation in this petition for removal, etc., is that the petitioner is the true and lawful widow of the intestate. The court sustained the appellee's demurrer to the petition; and, the petitioner refusing to amend her petition, it was dismissed and petitioner taxed with the costs of the proceeding.

[1, 2] By failing to apply for letters of administration within 40 days after the death of intestate, Nettie Garrett, even though she was in fact the widow of the intestate, waived all right of preference she might have had to the issuance of letters of administration on the estate of this intestate. Code, §§ 2520, 2522; Childs v. Davis, 172 Ala. 266, 55 South. 540. Hence Nettie Garrett, if indeed the widow of intestate, cannot now be heard to complain of the mere prematurity of the issuance of letters of administration to Harrison. The case of Fields v. Woods, 191 Ala. 93, 67 South. 1016, was entirely different in point of fact. There one claiming to be the widow of an intestate was appointed "before the expiration of 40 days from the date of" the death of the intestate.

[3, 4] The other phase of the petition, whereby the removal of Harrison and the revocation of the letters to him is sought, is predicated of the general assertion of the entertainment by Harrison of a fraudulent purpose to appropriate the funds of the estate to his own use. It appears throughout the course of this administration that the single asset of the estate of the intestate was a claim against an industrial company arising out of the death of the intestate; and that Harrison had, it seemed, received from the company the sum of $978.12 in settlement of the claim. The allegation, otherwise in appellant's petition, that Harrison effected the settlement before his appointment as administrator, and that the settlement was the product of collusion or fraud, cannot avail this petitioner; since the petition of the appellant as well as the sworn claim filed by the appellant both manifest a ratification of that settlement by claiming the amount thereof and by invoking the court to compel Harri-

son to pay that sum into the court. The record discloses that Harrison executed, with presumably adequate security, an administrator's bond in the sum of $2,000. There is no reason disclosed to anticipate the failure of the approximately $1,000 to reach the hands of those to whom, under the law, it should go. The allegation of a fraudulent purpose on the part of Harrison or Fleeta Jarrett or both is, as an averment of fraud, entirely insufficient. It is but a conclusion of the pleader. The third ground of the demurrer was well directed, and, alone, justified the action of the court in sustaining the demurrer.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.